NEW-YORK,
May, 1812.

WAILING *against* TOLL.

IN error, on *certiorari*, from a justice's court.

*Toll* brought an action on the case, against *Wailing*, for medicine and attendance, as a physician. The defendant denied the account, and pleaded the general issue. Upon the trial, no witnesses were produced or sworn. But the return stated, that "the plaintiff asked the defendant whether he had not furnished her medicines and attendance, as a physician, as he had charged her in his account, to which she answered in the affirmative; but, at the same time, said she had not employed him, and that she was under the age of twenty-one years." No further proof was offered by either party. The justice gave judgment for the plaintiff for 5 dollars and 37 1-2 cents, besides costs.

*Per Curiam.* The judgment must be reversed. The plaintiff relying altogether upon the defendant's confession, that confession must be taken altogether; and although she admitted that the medicine and attendance had been furnished her, yet, at the same time she denied her responsibility for the amount, because she had not employed the plaintiff, and because she was a minor. She might avail herself of her infancy, under the plea of *non assumpsit.* (1 *Salk.* 297. 1 *Esp. N. P.* 301.) For any thing that appears, and, indeed, such is the reasonable intendment, she was living with her father, and the medicine and attendance furnished at his request. An infant who lives with, and is maintained by, her father, cannot bind herself for necessaries. (2 *Black. Rep.* 1325. 1 *Esp. N. P.* 303.) The confessions of the defendant, when all taken together, showed that she was not responsible, admitting that the medicine and attendance had been furnished, without something more being proved by the plaintiff. (3 *Johns. Rep.* 427.)

Judgment reversed.

WAILING
v.
TOLL.

Where a person was sued for a physician's bill, before a justice of the peace, and she confessed that the plaintiff had furnished the medicines,&c. charged in his account; but said that she had not employed him, and was under the age of 21 years; it was held, that such confession must be all taken together, and would not authorize the justice to give judgment against the defendant. Infancy may be given in evidence under the general issue. An infant living with his father, is not liable even for necessaries.