## SAMUEL SMITH *vs.* LUCINDA PHILBRICK.

A guardian can maintain no action against his ward for money advanced, or services rendered as guardian to the ward, until he has settled his guardianship account in the probate court.

ASSUMPSIT for monies expended, services done, and supplies and clothing furnished for the defendant, according to an account annexed to the writ.

The cause was submitted to the decision of the court upon a statement of facts, in substance as follows :

In 1815, the plaintiff was chosen by the defendant, then just arrived at the age of 14 years, her guardian, and was appointed her guardian by the judge of probate, in this county. In 1819, this guardianship was repealed, at the instance of the defendant, by the same judge of probate. The plaintiff never returned any inventory of any estate of his ward, no estate of any kind ever having come into his possession. Nor has he ever settled, or been cited to settle, any account of his guardianship in the probate court. This action was brought to recover the monies expended, and for services performed, while the plaintiff was guardian and the defendant his ward as aforesaid.

*Porter,* for the plaintiff.

*Mason,* for the defendant.

RICHARDSON, C. J. In this state guardians are appointed by the judge of probate, and are by statute required to give to the judge " sufficient security for the faithful discharge " of their trust according to law, and to account either to " the judge or minor, when such minor shall arrive at full " age, or at such other time as the judge, upon complaint " to him made, shall see cause." It cannot admit of a doubt, that accounts between guardians and wards can be more conveniently settled, and with less expense to the parties, in the courts of probate, than by actions at law in this court. Besides, according to the course of proceedings in those courts, guardians must there make oath to the truth and justice of their claims, which may in many cases be of much importance to the ward. The statute has, therefore, with peculiar propriety, required guardians to give security to account to the judge of probate, and it seems to us that it would be highly improper and inconvenient to permit guardians to maintain against their wards actions for money advanced and services rendered by them as guardians, while their accounts remain unadjusted in the courts of probate. For, in such cases, we must go into an investigation of the whole guardianship account, or permit the guardian in many cases to recover, when, if the whole account were investigated, he would be found to be indebted to the ward. It is

a strong argument against the plaintiff, that this suit is the first of the kind—no trace of such a suit is to be found any where within the regions of the common law. Had this remedy been necessary, it would certainly have been resorted to before this day.

It is the opinion of the court, that this action is not maintainable.