1831.

Kline
v.
L'Amoureux.

---

## KLINE and others *vs.* L'AMOUREUX, committee of Stafford.

An infant is only liable for necessaries, when he has no other means of obtaining them except by the pledge of his personal credit. If the infant is under the care of a parent or guardian, who has the means, and is willing to furnish what is actually necessary, he cannot, without the consent of such parent or guardian, make a binding contract for articles which, under other circumstance, would be deemed necessaries.

Where a person deals with an infant, he is bound, at his peril, to inquire and ascertain the real circumstances of the infant, and whether he is in a situation to bind himself by a contract for necessaries.

THIS cause was heard on exceptions to the report of master Hoyt, disallowing the claims of the petitioners against the estate of John Stafford in the hands of his committee. By the evidence before the master, it appeared that the father of John Stafford died in October, 1819, leaving him then about 19 years of age, and entitled to a very considerable estate. In November of the same year, Spencer Stafford, the uncle of John, was appointed his guardian, by the surrogate of the county of Albany, and assumed the discharge of that trust. The guardian provided suitable boarding places for his ward who was idle and dissipated, and made every exertion to

June 21st.

1831.

Kline
v.
L'Amoureux.

withdraw him from his dissolute associates, and to prevail upon him to undertake some useful and regular emplyoment. The guardian was at all times able and willing to furnish his ward with all necessary clothing, &c.; and he gave notice to the public not to trust him. John Stafford, the ward, was however boarded, and furnished with liquor, clothing, money, horses, carriages, &c. by the petitioners and others, for which they now claimed compensation from his estate. Within a few days after John Stafford became of age, Judge L'Amoureux was appointed the committee of his estate, under the act concerning habitual drunkards; and some of the claims of the petitioners were for articles furnished to Stafford after that peroid. The master allowed to one of the petitioners a small claim for a debt contracted after Stafford became of age, and before the appointment of the committee, but disallowed all the rest. To this decision of the matter, the petitioners, whose claims were disallowed, excepted.

*P. Gansevoort*, for the petitioners.

*J. L'Amoureux*, committee, in person.

The CHANCELLOR. An infant is liable for necessaries, suitable to his rank and condition, when he has no other means of obtaining them except by the pledge of his own personal credit. But if he is under the care of a parent or guardian, who has the means, and is willing to furnish him what is actually necessary, the infant can make no binding contract for any article whatever, without the consent of his legal protector and adviser. In *Brainbridge* v. *Pickering*, (2 W. Black R. 1325,) the court held that an infant could not bind herself to a stranger, under such circumstances, for what might otherwise be allowed as necessaries. A similar decision was made by the court of appeals of South Carolina, in the case of *Hull* v. *Connolly*, (3 M'Cord's L. R. 6.) In this case, it appears that the guardian made suitable provisions for the clothing and sustenance of his ward, and endeavored to withdraw him from his vicious courses. Probably he might have succeeded, had it not been for the aid furnished to this profligate young man by the petitioners and

1831.

Kline
v.
L'Amoureux.

others. Some of them must have known that he was selling his clothes, and squandering the the means they furnished him, to obtain liquor, and to defeat the plans which were formed for his reformation. Those who had actual knowledge of the facts deserve punishment rather than compensation. It is probable some of the petitioners were not aware that he was a minor and had a guardian; but that will not make his contracts binding for articles which were not necessary, under the actual circumstances. In *Ford* v. *Fothergill*, (1 Peake's N. P. 230,) Lord Kenyon decided that an infant was not liable for clothing, where it was proved that his father furnished him with all that was actually necessary. He says: "Whether he was living with his father or not, the person who dealt with him was bound to inquire and know who he was." Here, it was known to every one who was acquainted with the infant, that he was idle and intemperate. If they chose to furnish him supplies, under such circumstances, without any inquiries as to the actual situation of the property, or as to his ability to contract, they must bear the loss. Hundreds of young men of property have been irretrievably ruined, especially in our large cities, by being furnished with supplies, under the pretence of their being necessaries, contrary to the wishes of their parents and guardians. It is to be hoped the legislature will interfere, and make it a criminal offence for any person, knowingly, to interfere with parental authority, or the rights of guardianship, in furnishing indiscreet or profligate young men with the means to continue in their vicious courses. In a recent case in the city of New-York, a minor who had been ruined by such conduct, and to whom money had been loaned at a most enormous rate of interest, was persuaded by the usurer to bind himself by oath to pay the whole amount when he should become of age, without making any objection to the legality of the loan. Such things, I am informed, are quite common in some of our cities.

Although this case is not one of that aggravated character, it is nevertheless impossible to allow these claims without overturning settled principles which are very essential to the peace and happiness of private families, and to the preservation of

public morals. The master, therefore, has decided correctly. The exception must be overruled, with costs to be paid by the petitioners who have excepted, and the report is confirmed. As the petitioners have brought their claims before the court in the least expensive manner possible, and as the estate in the hands of the committee is ample, I shall not charge them with costs on the reference. But as they appealed from a correct decision of the master, after all the facts of the case had been fully ascertained, they cannot be excused from the payment of that part of the expense occasioned by such appeal.