### PHELPS *vs.* WORCESTER.

Where suit was brought by direction of the guardian of an infant, to protect
the infant's title to his estate—*Held*, that the counsel could not recover for
services and expenditures in such suit against the infant, but that suit must
be against the guardian.

Such services and expenditures are not regarded as necessaries, and may be
avoided by the infant even under an express promise.

An infant is liable to his guardian solely on a decree of the probate court, on
an adjustment of his guardianship account.

ASSUMPSIT, on account annexed for services rendered and
money paid out in a suit brought, by the plaintiff as attorney,
in the name of the defendant.

It was agreed that the defendant was a minor, under the
age of ten years, and was the ward of Eleazer Worcester at
the time of the charges in the plaintiff's account; and that
the services were rendered and the money paid by the plain-
tiff under the direction of Eleazer Worcester, as guardian
of the defendant, in a suit to recover the possession of a
tract of land in Bristol, claimed by the guardian as the prop-
erty of his said ward.

If the court shall be of opinion that the action can be sustained upon this statement, judgment is to be rendered for the amount of the plaintiff's account—otherwise for the defendant for his costs.

*Thompson,* for the defendant, contended, 1. That the case found no contract made with the infant; that the guardian could not contract so as to bind the infant to any liability directly as a party to such contract; and that whoever is employed by a guardian must resort in his remedy to him, and not elsewhere.

2. That even if a contract could be implied, as against the ward, it might be avoided in this case, it not being for necessaries—that necessaries were limited to food, apparel and education—what concerned the person of the ward, and not his estate.

3. That the ward was liable only to his guardian on a final adjudication of all his accounts in the probate account.

*Phelps & Bell,* for the plaintiff, argued that it was to be inferred that the claim was just, and the suit properly brought, as no suggestion had been made that the bringing of the suit was not essential to the best interests of the ward.

Had there been no guardian, and the infant was without aid, could he not properly employ others to enforce his rights to his property?

It is said suit may be against the guardian. This may be true, but does it prevent a suit against the ward?

Upham, J. It appears that the services and expenditures of the plaintiff, for which suit is brought, were rendered on request of the defendant's guardian, the defendant being then a minor; and the plaintiff claims to recover, on the ground that these services were beneficial to the minor, and that the minor is therefore liable to him on an implied assumpsit.

Phelps *v.* Worcester.

But the authorities are clear, that in all cases where the guardian undertakes to act for the infant in procuring aid, or the making of contracts or purchases for him, an implied assumpsit on the part of the infant is precluded. Such is the case even for necessaries. Thus it is said by Bacon, that " if an infant comes, and a person boards him, an implied contract will arise against the infant ; but otherwise, if placed there by his guardian." 3 *Bacon's Ab.* 596, *Title Infancy.* If the infant lives with his father, or guardian, and their care and protection are duly exercised, he cannot bind himself even for necessaries. 2 *Kent's Com.* 239 ; 2 *Black. R.* 1325, *Bainbridge* vs. *Pickering* ; 9 *Johns.* 141, *Wailing* vs. *Toll.*

The rule that the guardian, where he undertakes to act for the ward in contracts with others, should alone be liable, is sustained by the soundest reason. A different rule would subject the ward to numerous suits, the merits of which might be wholly unknown to him. In all expenditures arising under such contracts the ward should be liable only to his guardian. He is thus amenable to but one individual, and then only on a decree of court on settlement of his guardianship account.

The enquiry has been made, if there had been no guardian, and the infant were without aid, whether he might not employ others to protect his rights to his property, and be legally holden, notwithstanding the interposition of his minority. We think clearly not. Though such services may promote the sound interests of the ward, they are not such assistance as comes within the term of necessaries. Lord Coke considers the necessaries of the infant to " include victuals, clothing, medical aid, and good teaching or instruction, whereby he may profit himself afterwards." *Co. Litt.* 172, *a.* Such aid concerns the person, and not the estate ; and we know of no authority which goes beyond this. An infant's rights to his estate are not prejudiced by his infancy, and any services to sustain such rights may be ratified by

the infant when he comes of age, but cannot be enforced against him as necessaries.

But this case is clear from any exception of this kind, as the defendant was under guardianship, and the proceedings, to recover compensation for which this suit is now brought, were instituted and the expenditures incurred under the express direction of the guardian.

In *Smith* vs. *Philbrick*, 2 *N. H. Rep.* 395, it was settled by this court, that a guardian can maintain no action against his ward for money advanced, or services rendered as guardian to the ward, until he has settled his guardianship account in the probate court. It was remarked by Chief Justice Richardson, in that case, "that it could not admit of a doubt that accounts between guardians and wards could be more conveniently settled, and with less expense to the parties, in the courts of probate than by actions at law in this court; and besides, according to the course of proceedings in those courts, guardians must there make oath to the truth and justice of their claims, which may in many cases be of much importance to the ward; and that it would be highly improper and inconvenient to permit guardians to maintain against their wards actions for money advanced and services rendered by them as guardians, while their accounts remain unadjusted in the courts of probate; for in such cases we must go into an investigation of the whole guardianship account, or permit the guardian in many cases to recover, when, if the whole account were investigated, he would be found indebted to the ward."

The reasoning and principle of the case cited go clearly to show the still greater impropriety of permitting individuals to institute suits against the ward on claims created by contract with the guardian. If the guardian cannot sue the ward on such claims, surely those he contracts with cannot. Their remedy is upon the guardian, and his remedy is upon the ward, on such decree of final adjustment betwixt the

guardian and ward as may be rendered in the court to whose jurisdiction such adjudication is especially committed.

This action, therefore, cannot be sustained, and there must be *Judgment for the plaintiff.*