ELIZA ATCHISON *vs.* ELIZABETH BRUFF.

50b 381
28ap227

50b 381
165a 204

Where necessary clothing, in every way suitable to her condition in life and social position, are furnished to an infant at her request, with the consent of her mother, with whom she resides, and with the expectation and understanding on her part, and on the part of her mother, that they are to be paid for out of her funds, or her portion of her deceased father's estate, the law binds the infant to pay the value of the necessaries so furnished.

In such a case the mother is not liable, where there is nothing to show that she is able to support the infant, and her other children, from her own means.

Where an infant is under the care of a parent or guardian, who has means, and is willing to furnish what is actually necessary, he cannot, without the consent of such parent or guardian, make a binding contract for articles, which, under other circumstances, would be deemed necessaries.

APPEAL from a judgment entered upon the report of a referee.   The action was brought upon an indebitatus count, for goods sold and delivered ; work, labor and services, and materials furnished at the defendant's request, claiming judgment for $61.91.   The defendant, by her guardian *ad litem*, in her answer, in substance, denied all the allegations set forth in the complaint.   For a further answer and defense, in substance, she alleged that she was an infant of the age of sixteen years, and had theretofore, during her infancy, lived with her father, James M. Bruff, and her mother, Althea A. Bruff; and that up to the time of his death, which occurred in January, 1858, was maintained with all sufficient food and raiment that she required ; that her said mother, in or about the month of December, 1862,

intermarried with one J. V. R. Chapman, and that ever since her father's death she had continued to live with her mother, and was maintained and provided for by her with all necessary and sufficient food and raiment, which was well known to the plaintiff.

The following facts were found by the referee: That in the month of August, 1865, the defendant, who was then a minor, aged about sixteen years, employed the plaintiff, who was engaged in the business of dress making, to repair, make and trim some dresses and other articles of clothing for her, and to furnish trimmings for the same ; that the plaintiff, in pursuance of the request of the defendant, made and repaired some dresses for her, and furnished and procured some trimmings for the same ; that the labor so performed by the plaintiff, and the goods and trimmings so procured and furnished by her, were reasonably worth the sum of $61.93, the amount claimed by the plaintiff in her complaint ; that the said clothing so made by the plaintiff, and materials furnished by her in and about the same, was proper and necessary clothing for the defendant, or one in her rank and station in life, and was such clothing as she had been accustomed to wear ; that the said work was procured to be done, and materials furnished, with the knowledge and assent of the mother of the defendant ; that the father of the defendant, James M. Bruff, died in or about the year 1858, intestate, leaving a widow and three children, of whom the defendant was one, and leaving property to the amount of about $15,000 over and above all debts and obligations ; that about $10,000 was personal, and about $5000 real property ; that letters of administration were, on the 19th day of February, 1858, duly issued by the surrogate of Monroe county to William W. Bruff, a brother, and Althea A. Bruff, widow of the said deceased ; that the said personal property went into the hands of the said administrator, William W. Bruff ; that no settlement has ever been had by the said administrators, and no division made among the said

Atchison *v.* Bruff.

widow and children of the amounts respectively belonging to each ; that the said administrator advanced, from time to time, sums of money from the funds so in his hands to the defendant for her support, education and maintenance, and the defendant was mainly supported from the moneys so in his hands ; that the defendant expected, when she employed the plaintiff to do the said work, and furnish the said materials, that the same was to be paid for out of the funds belonging to her, and so in the hands of the said administrator, in the same way that her bills had for years been paid, and such was also the expectation of her mother.

The referee found, as conclusions of law, from the foregoing facts, that the plaintiff was entitled to recover of the defendant the said sum of $61.93, together with her actual disbursements, but without costs, and that she was entitled to a judgment in this action that the said sum and disbursements be paid out of any moneys in the hands of the said administrators belonging to the said defendant, or out of any other personal property, or the real estate belonging to the said defendant, and declaring the same to be an equitable lien upon all her said property, real and personal, but that no part of the real estate of the defendant should be sold to satisfy this judgment, without special application to the court.

From the judgment entered upon the report the defendant appealed.

*T. B. Husband,* for the appellant.

*Rawson & Wilcox,* for the respondent.

*By the Court,* JOHNSON, J.  Upon the facts found by the referee, the right of the plaintiff to recover for the value of the goods furnished, against the defendant, notwithstanding her infancy, is entirely clear.  The goods furnished were necessary clothing, in every way suitable to her condition in

life and social position. They were furnished at her request, with the consent of her mother, with whom she resided, and with the expectation and understanding, on her part, and on the part of her mother, that they were to be paid for out of her funds, or her portion of her deceased father's estate. Under such circumstances the law binds her to pay the value of the necessaries so furnished. (2 *Kent's Com.* 239. 1 *Pars. on Cont.* 245, *marg.* 285.)

It is claimed, on the part of the defendant, that, inasmuch as it appears that she lived with her mother, who was her natural guardian after the death of her father, and who had, at all times after her father's death, exercised due care and protection over her, she was incapable of binding herself, even for necessaries. But this is stating the rule quite too broadly. The rule, as gathered from all the authorities, will be found to be that, when an infant is under the care of a parent or guardian, who has means, and is willing to furnish what is actually necessary, he cannot, without the consent of such parent or guardian, make a binding contract for articles which, under other circumstances, would be deemed necesaries. (*Kline* v. *L'Amoureux*, 2 *Paige*, 419.) Here the mother consented, not only that the necessaries should be furnished, but that they should be a charge upon the defendant's funds. The referee also finds that, since the death of her father, the defendant has been mainly supported from her portion of the estate, advanced by the administrator for that purpose from moneys in his hands.

There is nothing to show that the mother is able to support the defendant, and the other children, from her own means. So that the question does not arise here, whether she could be compelled to do so, if she had abundant means, as long as the defendant had sufficient means of her own. It appears from the evidence, however, that the mother, at the time the necessaries were furnished, was married to, and living with, a second husband, and still is. It is well settled that the stepfather is under no obligation to provide for or

to support the defendant to any extent, and, of course, the law could not compel the mother to give her shelter, even, at his house. The judgment ordered by the referee is according to the very right of the case, and is not inconsistent with the case made by the complaint, and the evidence upon the trial. The defendant certainly has no reason to complain that it is too favorable to her.

The judgment must therefore be affirmed.

[MONROE GENERAL TERM, March 2, 1868. *E. D. Smith, Johnson* and *J. C. Smith,* Justices.]