NICHOL & McGAVOCK *vs.* T. M. STEGER, Guardian, and
R. M. PORTER.

April Term, 1875.

INFANT CANNOT BIND HIMSELF FOR NECESSARIES IF FURNISHED BY GUAR-
DIAN. — An infant cannot bind himself or his estate for necessaries if
properly supplied by the guardian with whom the infant is living, and this,
although the person dealing with him was ignorant of the fact that he was
an infant and had a guardian, and no matter how ample the estate of the
ward may be.

INFANT NOT LIABLE FOR GOODS SOLD AS NECESSARIES IF CONSUMED OR DIS-
POSED OF.—If the infant has consumed or parted with the goods sold to him
as necessaries, the other party cannot recover their value against the infant
or his estate,; but if the property be in the possession of the ward or his
guardian, it would be held in trust for the vendor, and might be recovered
or ordered to be delivered up.

————, for complainants.

*T. M. Steger*, for defendants.

THE CHANCELLOR :—Bill filed, July 10, 1874, by com-
plainants, furniture dealers, to enforce against Porter, an
infant, and Steger, his guardian, a claim for a lot of bed-
room furniture sold by the complainants to the defendant
Porter, on the 16th of December, 1872.   The furniture was
sold by complainant Nichol, his co-complainant becoming
interested afterwards in the business and the account.   And
Nichol states in his deposition that he supposed that the
defendant Porter was then of age.   In fact, he was a minor,
with a general guardian, and is not now of age, becoming
twenty-one years old on the 24th of November, 1875.   He
was, however, married at the date of the sale.   His estate
consisted of $2,350 in the hands of the guardian, his wife
having real estate of the rental value of $1,000 per annum.
The guardian testifies that he did not purchase the furni-
ture, nor authorize its purchase, nor consider the articles
necessary for him, having himself furnished his ward and
wife with a set of furniture and rooms.   His ward was
acting as his clerk in the real estate business, though nomi-
nally a partner, and received as compensation one-third

of the profits. What these profits were does not appear, nor does it appear what has become of the furniture bought, the defendant Porter having, at the filing of the bill, removed from the state, though whether temporarily or permanently does not appear. It is agreed that Porter was raised in affluence until his marriage, in 1872, and that the income of his property was insufficient to support him. Porter was made a defendant by attachment of his estate in the hands of his guardian, and publication as a non-resident of the state.

The main ground upon which this suit is sought to be sustained is that the furniture sold him may be considered, under the circumstances, suitable to the infant's condition in life. But nothing is clearer than that an infant cannot bind himself or his estate even for necessaries if they are furnished him by his guardian. All the authorities concur that if an infant live with his parent or guardian, who duly cares and provides for him, he cannot bind himself even for necessaries. *Elrod* v. *Myers*, 2 Head. 35; *Kline* v. *L'Amoureux*, 2 Paige, 420; *Edwards* v. *Higgins*, 2 McCord Eq. 16; *Kraker* v. *Byrum*, 13 Rich. Eq. 163; *Bainbridge* v. *Pickering*, 2 W. Black. 1325; *Angell* v. *McLellan*, 16 Mass. 31; *Wailing* v. *Toll*, 9 Johns. 141; *Guthrie* v. *Murphy*, 4 Watts, 30. The principle which underlies these decisions is that the control of the parent, or of the guardian who occupies the place of the parent, over the minor is indispensable to the good order of society, and cannot be maintained unless it is exclusive and unquestionable. The infant cannot, of course, be permitted to judge for himself, for this would be to do away with the very object had in view by the appointment of guardians. Nor can it make any difference that the person who deals with the infant is not aware of the fact that he was an infant and had a guardian. It is his duty to enquire. *Ford* v. *Fothergill*, 1 Peake, N. P. 230; *Cook* v. *Deaton*, 3 C. & P. 114; *Charters* v. *Boynton*, 7 C. & P. 52; *Montara* v. *Hall*, 6 Sim. 465. And the very fact that the infant has an ample

estate is a strong reason for adhering to the general rule; for it is precisely in such cases that the infant stands most in need of its protection from his own thoughtless improvidence. *Kline* v. *L'Amoureux*, 2 Paige, 421; *Rivers* v. *Gregg*, 5 Rich. Eq. 274.

It is obvious, therefore, that the complainants have no cause of action whatever against the infant or his estate, even if the latter were ample. But the evidence shows that the infant's estate is the moderate sum of $2,350, and his income inadequate to his support. In such a case the guardian himself would not be permitted to trench upon the *corpus* except upon previous application to this court, and showing the necessity. *Cohen* v. *Shyer*, 1 Tenn. Ch. 192.

The bill is not framed with a view to the recovery of the property sold to the minor, and, on the contrary, charges that it has been disposed of by the ward with the consent of the guardian. This charge is positively and indignantly denied by the guardian, and is not sustained by a particle of proof. No effort has been made to show what has become of the property. It is very clear that, if the infant has in fact consumed or parted with goods sold to him as necessaries, the other party has no remedy to recover the value, either against the infant or his estate. For to hold otherwise would be to do precisely what the general rule expressly forbids, namely, to permit the infant to bind himself for necessaries already furnished by the parent or guardian. *Probart* v. *Knouth*, 2 Esp. 472, note; *Shaw* v. *Boyd*, 5 Serg. & R. 309; *Jones* v. *Todd*, 2 J. J. Mar. 361. If the property were still in the possession of the infant, and the trade had been fairly made, the plainest principles of equity would hold the infant bound to give it up, and treat him as a trustee for the vendor. *Shannon* v. *Shannon*, 1 Sch. & Lef. 324; *Badger* v. *Phinney*, 15 Mass. 359; *Smith* v. *Evans*, 5 Humph. 70. Neither the frame of the bill nor the facts as developed by the evidence require any decree on this point in the present case. But I should not hesitate to direct the return of the property by the minor

or his guardian, if it were shown to be in the custody of either, and this whether the infant were complainant seeking relief, or a defendant resisting it. *Smith* v. *Evans*, 5 Humph. 79; *Weller* v. *Newsom*, Sup. Ct. Tenn., December term, 1874; *Pilcher* v. *Smith*, 2 Head, 211. And especially in a case like this, where the complainants are clearly innocent of all blame. The law gives me no further discretion, and the bill must be dismissed with costs.