By the Court.—Sedgwick, J.
The general rule is, that whenever an infant lives with, or is under the care and protection of a parent, master, or guardian, and that care and protection is duly exercised, the infant is not bound by his contract for the articles called necessaries (Reeve’s Dom. Rel. 345 [227]). In Kline v. L’Amoureux, (2 Paige, 419), the chancellor used these words : “An infant is liable for necessaries suitable to his rank and condition, when he has no other means of obtaining them, except by the pledge of his own personal credit. But if he is under the care of a parent or guardian who has the means and is willing to furnish him what is actually necessary, the infant can make no binding contract for any article whatever, without the consent of his legal protector and adviser.” Bainbridge v. Pickering (2 W. Black, 1325), was cited, where it held that ‘ ‘ if an infant lives with her parent, who provides such apparel as appears to the parent to be proper, so that the child is not left destitute of clothes or other real necessaries of life, I apprehend that the child cannot bind herself to a stranger, even .for what might otherwise be allowed as necessaries.” It is the primary duty of the general guardian of an *154 infant to provide for its support, maintenance and education, and he may pay for that out of the infant’s estate (Clark v. Montgomery, 23 Barb. 472; Elliott v. Gibbons, 30 Id. 498), In Atchison v. Bruff (30 Barb. 381), the defendant was an infant, she lived with her mother and step-father, when the cause of action accrued. Her father had died intestate, leaving property to amount of $15,000. The administrator had advanced money from the estate for the support of the infant. The claim was for the value of reasonable clothing, furnished by the plaintiff, who was a dressmaker. The court said: “They were furnished at the infant’s request, with the consent of her mother, with whom she resided, and with the expectation and understanding, on her part and on the part of the mother, that they were to be paid for out of her fund, or her portion of her deceased father’s estate. Under such circumstances, the law binds her to pay the value of the necessaries so furnished.” In support of this, 2 Kent's Com. 239 ; 1 Pars, on Cont. 245, marg. 285, were cited. I do not find that these authorities support the proposition. In 2 Kent, 239: “The tradesman who trusts the infant is bound to make due inquiry, and if the' infant has been properly supplied by his friends, the tradesman cannot recover. If the infant lives with his father or guardian, and their care and protection are duly exercised, he cannot bind himself even for necessaries.” Whatever implication there may be, that if the guardian does support the infant, in part, yet if something more is necessary, the infant may be bound for that, it does not seem that the infant can bind her estate specifically, even with the consent of her natural guardian which her mother was only, she was not the guardian of her property ; that was in the hands of an administrator, and the law has made definite provisions in respect of the manner in-which the estate may be disposed of, for the benefit of *155 the infant owner.” Whatever reflections may be necessary to limit the general statements of the case, the decision in it does not uphold this .judgment. In applying Kline v. L’Amoureux (2 Paige, 419), the opinion said tbe rule, as gathered from all the authorities, will be found to be that when an infant is under the care of a parent or guardian, who has means and is willing to furnish whatever is necessary, he cannot, without the consent of such parent or guardian,, make a binding contract for necessaries. The court did not i-ender or support a kind of personal judgment that follows the obligations of a contract. The judgment was that the amount recovered be paid out of moneys in the hands of the administrators, or out of any real or personal property belonging to defendant, declaring the same to be an equitable lien upon 'all her property, but that no part of the real estate should be sold to satisfy this judgment without special application to the court. '
The facts of this present case áre, that the defendant did not make any request that the necessaries be furnished her or any express contract that their value should be paid to plaintiff. Therefore, the defendant’s guardian did not give any assent to such request or contract. The necessaries were furnished upon the express request of the guardian. He had means and it was his duty to provide the defendant with necessaries. When such was the case there could be no implied contract on the part of the defendant. I do not mean to say that if the facts were not so favorable to the defendant, she would even then be liable. As the case is, it should be considered that the guardian having made, by his request, provision for the defendant’s support, the law imposes no liability on the infant to pay the value of what was furnished on that request. It was not necessary for the support of the infant that she should go under any liability. She- not only might be *156 and was passive, but in law, she was bound to abide the arrangements made by her guardian and it slegal consequences. Perhaps, the plaintiff was not obliged to furnish the board on the contract of the guardian. He did, however, and did not furnish it on the implied or express request or contract of the infant.
The judgment is reversed and new trial ordered, with costs of appeal to the appellant to abide event.
Freedman and Russell, JJ., concurred.