### NETHERCOTT *v.* KELLY *et al.*

*(Superior Court of New York City, General Term. May 6, 1889.)*

1. INFANCY—NECESSARIES—GUARDIAN AND WARD.

   Where a will imposes on the executor and the guardian of an infant the duty of applying the rents, and, if necessary, the proceeds, of the realty to the support of the infant, and the guardian in the discharge of this duty contracts with another for the infant's support with the executor's consent, such person can look to the guardian only for payment, and not to the ward after he attains his majority, especially where he has a judgment against the guardian.

2. COMPLAINT—AMENDMENT—APPEAL—REVIEW.

   The person with whom the contract was made sued the guardian and ward, and recovered judgment by default. The ward procured the judgment to be vacated as to him, with leave to answer the amended complaint, and did answer. The amended complaint was afterwards dismissed as to the ward, because it showed no liability on his part. *Held,* that it was discretionary with the trial judge to refuse to allow the complaint to be further amended, and that on the facts the exercise of his discretion could not be disturbed.

Appeal from jury term.

Action by William Nethercott against James Kelly and Charles A. Hess, guardian of his estate. Complaint dismissed, and plaintiff appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and O'GORMAN, JJ.

*W. T. Birdsall,* for appellant.    *Gibson Putzel,* for respondent Kelly.

FREEDMAN, J. On May 31, 1888, James Kelly obtained an order vacating as against him, and on terms which were complied with, the judgment entered against him by default, and leaving the judgment standing as against the guardian of his estate, the defendant Charles A. Hess. The order provided, among other things not necessary to be mentioned, that James Kelly serve a verified answer to plaintiff's amended complaint, and that the issue so formed be tried as a common-law action before a jury, as if the action were severed and tried separately as to James Kelly. A verified answer having been served to the said amended complaint, the plaintiff brought the issue so formed to trial. At such trial the defendant James Kelly moved for a dismissal of the complaint on the ground that, as to him, the amended complaint did not state a cause of action. The motion was granted, the complaint dismissed, and judgment entered accordingly, and the plaintiff appealed. Under section 499 of the Code of Civil Procedure the objection that the complaint does not state facts sufficient to constitute a cause of action is not waived, if not expressly taken by demurrer or answer, but may be made at the trial. It is an objection which every plaintiff is bound to meet at the trial, if then and there raised. The plaintiff was therefore bound to see to it, at his peril, that his

amended complaint was sufficient as against the defendant James Kelly, and the real question presented by the appeal is whether it was sufficient for that purpose. In my opinion it is clearly insufficient upon its face, irrespective of the question whether the cause of action attempted to be set forth is one at law or in equity. The object of the plaintiff is to obtain a money judgment against James Kelly, now of full age, for board and lodging, etc., furnished to him while an infant, under a contract made between the plaintiff and the guardian of the estate of James Kelly, with the knowledge and consent of the executor of the estate in which James Kelly is interested as a devisee. It appears that by the terms of the will of the deceased mother of James Kelly it became the duty of the guardian and of the executor to apply the rents, and, if necessary, the proceeds of the realty, to the support of the infant, and that the guardian, in the discharge of this duty, contracted with the plaintiff for the infant's support. In such a case the plaintiff must look to the guardian only for payment. *Ryan* v. *Boltz*, 16 Jones & S. 152. Several considerations have been urged why in this case an exception should be made to the rule last referred to. They have received careful attention, but have been found to be untenable. Moreover, the record shows that the plaintiff did recover judgment in this action against the guardian. The refusal of the trial judge to allow the amended complaint to be further amended was discretionary, and upon the facts presented the exercise of that discretion cannot be disturbed. The judgment should be affirmed, with costs. All concur.