## GOODMAN v. ALEXANDER.

(Supreme Court, Appellate Division, First Department.   April 7, 1898.)

ACTION AGAINST INFANT—NECESSARIES.

  A complaint, in an action against an infant, alleging that plaintiff furnished
  the defendant with board and lodging, upon her request and implied promise
  to pay therefor, and that they were necessaries and suited to her position
  in life, but not alleging inability or refusal of the child's father to support
  her, fails to set forth facts constituting a cause of action.

Appeal from special term, New York county.

Action by Fanny Goodman against Bertha Alexander.   From a
judgment dismissing the complaint, plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, O'BRIEN, and INGRAHAM, JJ.

Lyman A. Spalding, for appellant.

Robert O'Byrne, for respondent.

McLAUGHLIN, J.   The plaintiff brought this action to recover
of the defendant, an infant of the age of seven years, the sum of
$651.14, and interest thereon.   The right to recover was predicated
upon the complaint, which charged that the plaintiff furnished and
supplied, at a time specified, this infant, upon her request and im-
plied promise to pay therefor, board and lodging which was of the
value claimed; that the board and lodging thus furnished and sup-
plied were "necessaries," and "of a character suited to the position
in life of the defendant."   At the trial the complaint was dismissed
upon the ground that it did not state facts sufficient to constitute a
cause of action.   Judgment was entered to this effect, and from that
judgment this appeal is taken.

The trial court was right in dismissing the complaint.   The facts
therein set out do not constitute a cause of action.   A father is
bound by law to support his minor children, if he be of ability to
do so.   Furman v. Van Sise, 56 N. Y. 439; Atchison v. Bruff, 50 Barb.
381.   And, if the parent has the ability to and is willing to support
his minor children, board and lodging furnished by another without
his consent are not necessaries, within the meaning of the law
which renders an infant liable.   There is no allegation in the com-
plaint that the father refused or was unable to pay for the board
and lodging furnished by the plaintiff.   It cannot be that an infant
can voluntarily leave her father's house, who has the ability and
is willing to support her, and make a valid contract with another
to furnish board and lodging, which will be binding upon her.
Such a rule would permit an infant to determine for herself the
style and manner in which she should live.   Board and lodging
furnished under such circumstances are not necessaries, and can
only become necessaries when the parent or guardian has not the
ability, or refuses, to support her.   The plaintiff could not have
recovered upon the trial without proving these facts.   It was a
part of her cause of action.   And, if she could not recover without
proving the facts, then it follows that the complaint did not state a

cause of action, because the Code of Civil Procedure requires that a party shall set out in his complaint the facts which constitute his cause of action.

Judgment affirmed, with costs.　All concur.