FANNEY GOODMAN, Appellant, *v.* BERTHA ALEXANDER, by MORITZ ALEXANDER, as Guardian ad Litem, Respondent.

*Necessaries for which an infant is liable — when board and lodging are not.*

A father is bound by law to support his minor child, and board and lodging furnished by a third party to the child in the absence of proof that the father has not the ability or refuses to support her, do not constitute necessaries within the rule which renders an infant liable therefor.

APPEAL by the plaintiff, Fanney Goodman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 1st day of November, 1897, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

*Lyman A. Spalding.* for the appellant.

*Robert O'Byrne*, for the respondent.

McLAUGHLIN, J.:

The plaintiff brought this action to recover of the defendant, an infant of the age of seven years, the sum of $651.14 and interest thereon. The right to recover was predicated upon the complaint which charged that the plaintiff furnished and supplied, at a time specified, this infant, upon her request and implied promise to pay therefor, board and lodging which was of the value claimed; that the board and lodging thus furnished and supplied were "necessaries," and of a character suited to the position "in life of the defendant." At the trial the complaint was dismissed upon the ground that it did not state facts sufficient to constitute a cause of action. Judgment was entered to this effect, and from that judgment this appeal is taken.

The trial court was right in dismissing the complaint. The facts therein set out do not constitute a cause of action. A father is bound by law to support his minor children, if he be of ability to do so. (*Furman* v. *Van Sise*, 56 N. Y. 439; *Atchison* v. *Bruff*, 50 Barb. 381.) And if the parent has the ability to and is willing to support his minor children, board and lodging furnished by another without his consent are not necessaries within the meaning

of the law which renders an infant liable. There is no allegation in the complaint that the father refused or was unable to pay for the board and lodging furnished by the plaintiff. It cannot be that an infant can voluntarily leave the house of her father, who has the ability and is willing to support her, and make a valid contract with another to furnish board and lodging which will be binding upon her. Such a rule would permit an infant to determine for herself the style and manner in which she should live. Board and lodging furnished under such circumstances are not necessaries, and can only become necessaries when the parent or guardian has not the ability or refuses to support her. The plaintiff could not have recovered upon the trial without proving these facts. It was a part of her cause of action, and if she could not recover without proving the facts, then it follows that the complaint did not state a cause of action, because the Code of Civil Procedure (§ 481) requires that a party shall set out in his complaint the facts which constitute his cause of action.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.