FANNEY GOODMAN, Appellant, *v.* BERTHA ALEXANDER, by MORITZ ALEXANDER, as Guardian ad Litem, Respondent.

PLEADING — SUFFICIENCY OF COMPLAINT IN ACTION FOR NECESSARIES FURNISHED INFANT. A complaint in an action against an infant for necessaries is sufficient if it contains allegations which, if alleged in a declaration at common law, would have stated a cause of action for debt for board and lodging, or goods furnished. It is not necessary to allege in addition that the infant has no father or other person standing *in loco parentis*, who both could and should support her.

*Goodman* v. *Alexander*, 28 App. Div. 227, reversed.

(Argued December 6, 1900; decided January 22, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 13, 1898, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lyman A. Spalding* for appellant. The complaint herein states facts sufficient to constitute a cause of action. (Abbott's Trial Ev. [2d ed.] 1012, 1013; *Parsons* v. *Keyes*, 43 Tex. 558; *Lynch* v. *Johnson*, 67 N. W. Rep. 908; *Dalton* v. *Gibb*, 35 Eng. C. L. 49; Tyler on Infancy, 74, 75, 102; 1 Pars. on Cont. 296; Chase's Blackstone [3d ed.], 183; *R. Ry. Co.* v. *Robinson*, 133 N. Y. 242; *Peters* v. *Fleming*, 4 M. & W. 42.)

*Joseph I. Green* for respondent. The judgment appealed from was properly affirmed, as the facts set forth in the complaint did not constitute a cause of action. (*Furman* v. *Van Sise*, 56 N. Y. 439; *Atchison* v. *Bruff*, 50 Barb. 381; 2 Kent's Com. 253, 255; *Burritt* v. *Burritt*, 29 Barb. 124; 5 Wait's Act. & Def. 52; *Goodman* v. *Alexander*, 28 App. Div.

227; *Van De Sande* v. *Hall*, 13 How. Pr. 458; *Parker* v. *Tillinghast*, 19 Abb. [N. C.] 190; *Smith* v. *Church*, 5 Hun, 109; *Van Valkinburgh* v. *Watson*, 13 Johns. 480; *Clinton* v. *Rowland*, 24 Barb. 634; *Cromwell* v. *Benjamin*, 41 Barb. 558.) The contention of the appellant that the complaint was sufficient for its purpose is untenable. (*Manning* v. *Wells*, 85 Hun, 27; Code Civ. Pro. § 481; *Willover* v. *F. Nat. Bank*, 10 Civ. Pro. Rep. 80; *Van De Sande* v. *Hall*, 13 How. Pr. 458; Benj. on Sales, 22; *Atchison* v. *Bruff*, 50 Barb. 381; *Wailing* v. *Toll*, 9 Johns. 141; *Kline* v. *L'Amoureux*, 2 Paige, 419; *McKanna* v. *Merry*, 61 Ill. 117; *Swift* v. *Bennett*, 64 Mass. 437; *Perrin* v. *Wilson*, 10 Mo. 451.)

PARKER, Ch. J.    This case coming on for trial, the court dismissed the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the judgment entered was affirmed at the Appellate Division.

The complaint alleged:

" *First.* That the defendant is an infant of the age of seven years.

" *Second.* That the plaintiff, between the 27th day of April, 1893, and the 20th day of June, 1897, both dates inclusive, furnished and supplied the defendant, upon the defendant's request and implied promise to pay therefor, with board and lodging at No. 57 Dey Street, in the city of New York.

" *Third.* That the said board and lodging were 'necessaries' and of the reasonable value of $3 per week or in all of $659.14, and were of a character suited to the position in life of the defendant. That there has been paid on account of said sum of $659.14 the sum of $8.

" *Fourth.* That there is now due and owing, by virtue of the premises, by the defendant to the plaintiff the sum of $651.14, with interest thereon from June 20th, 1897, no part of which has been paid."

The affirmance by the Appellate Division is placed on the ground that " There is no allegation in the complaint that the

father refused or was unable to pay for the board and lodging furnished by the plaintiff." (*Goodman* v. *Alexander*, 28 App. Div. 227.)

It does not appear that the infant had a father or any other relative whose legal duty it was to feed and clothe her, and so the question presented is, whether in addition to alleging facts upon which the plaintiff's claim was founded, the pleader should have gone further and alleged that defendant had no father or other person standing *in loco parentis* who both could and should support her, and, of course, what the plaintiff should allege he must prove in order to obtain a judgment. If it were necessary in all actions against an infant to allege and prove that there were no persons upon whom the law placed the responsibility of feeding and clothing the infant, if able to do so, not only would a voluminous complaint be required, but in some cases the plaintiff would find the burden of making the necessary proof quite substantial; for the statutes of this state contain a number of provisions relating to the duty of parents and others to support infants, among which may be found the following:

Section 921 of the Code of Criminal Procedure in substance provides that if a father, a widowed mother, or a mother living apart from her husband absconds, leaving children a charge on the public, his or her property is liable for the support of such children.

Chapter 175 of the Laws of 1893 provides: "Every married woman is hereby constituted and declared to be the joint guardian of her children with her husband, with equal powers, rights and duties in regard to them with the husband."

Section 64 of the Domestic Relations Law (Chapter 48 of the General Laws) provides that when a child is adopted, it shall take the name of the person adopting, and the two thenceforth shall sustain toward each other the legal relation of parent and child.

By section 2821 of the Code of Civil Procedure the Surrogate's Court has power to appoint a general guardian of the

person and property of an infant, even if the parents are living, and it has been held (*Clark* v. *Montgomery*, 23 .Barb. 465) that it is the duty of the general guardian of an infant to provide for the support, maintenance and education of the infant out of his estate, notwithstanding the infant has a father living, provided the father is poor and unable to support him. "He stands *in loco parentis.*" (Id. 472.)

No case is cited in support of the proposition that a complaint does not state a cause of action, which omits to allege that there are not in existence any persons occupying such a relation towards the infant as makes it their legal duty to feed and clothe the infant, and if there were such a case it would be in conflict with the practice established by decisions for a long period of time.

That the obligation rests upon a father, or other person standing *in loco parentis*, who has the ability to do so, to support his infant children even though they have an estate of their own, and that, therefore, one who furnishes board and lodging to infants so situated cannot recover against them, is well-settled law. That, however, is not the question involved here; which is, whether the complaint must allege either the non-existence of any person standing in such relation to the infant as to bear the obligation to supply it with necessaries, or that, if existing, such person was unable to do so. As the question is one of pleading, we observe in the first place that at common law in an action to recover against an infant for necessaries, the declaration was required to contain only counts as in an action for debt for board and lodging, or goods furnished. If the defendant by his plea set up infancy as a defense, the plaintiff in his replication alleged that the articles furnished were necessaries, and the trial proceeded to judgment in accordance with the truth of the matter. (*Chapple* v. *Cooper*, 13 M. & W. 252; *Burghart* v. *Hall*, 4 id. 727; *Brooker* v. *Scott*, 11 id. 67; *Ryder* v. *Wombwell*, L. R. [4 Ex.] 32; *Maddox* v. *Miller*, 1 M. & S. 738; Bacon's Abr. vol. 5, p. 120, and cases cited; *Beeler* v. *Young*, 1 Bibb [Ky.], 519; *Glover* v. *Ott*, 1 McCord, 572.)

The practice of the common law governed in this jurisdiction down to the time of the adoption of the Code, and until that time, therefore, the facts alleged in this complaint would have been well pleaded, if stated in a declaration. We are next to inquire, therefore, whether that section of the Code which provides that the complaint (which takes the place of the declaration at common law) shall contain a plain and concise statement of facts constituting the cause of action (section 481) requires a different or more complete statement than the declaration formerly required. The general understanding has been that the Code was not intended to exact a more formal complaint than was required at common law, but instead to abolish the forms, technicalities and fictions of that practice. In Moak's Van Santvoord's Pleadings it is said (at p. 28) that " the simple, logical mode of statement used by the pleader in the old common-law declarations and pleas without regard to form, will be in most cases sufficient; and so the rule has been understood and held to be under the Code." Again (at p. 203), it is said: " The conclusion arrived at is that the old common-law count in debt, and not *indebitatus assumpsit*, is the proper form of complaint under the Code; and it seems to me that this conclusion must be admitted to be correct and logical in all cases where it is not designed to prove on the trial an express promise, and where, under the limitations above given, the common count may be used as expressing precisely the fact, by the proof of which, it is intended to sustain the demand." And again (at p. 204) the author sums up the result of his examination of the authorities on the subject subsequent to the adoption of the Code as follows: " In all cases where the money counts heretofore might have been used, the plaintiff may still set forth his cause of action in this form."

But we are not without authority in this court upon this precise question of pleading, for in *Zabriskie* v. *Smith* (13 N. Y. 322) the court (at p. 330) says: " Under our present system of pleading, I conceive that the complaint should contain the substance of the declaration under the former system."

This language was quoted with approval in *Conaughty* v. *Nichols* (42 N. Y. 86), and I deem it quite safe to say that neither decision nor expression to the contrary can be found in the reports of this court. The conclusion reached by us, that the complaint stated a cause of action, does not seem to require other support in authority; but it might not be out of place to cite in this connection some of the many cases in which actions against infants, that resulted in awards of judgments to the plaintiffs, have been tried upon complaints which did not contain allegations anticipating either the defense of infancy, or that there were persons in existence standing in *loco parentis* whose duty it was to supply the infant with necessaries, but were in the main in the general form of the declaration of the common law in actions for debt. (*Lynch* v. *Johnson*, 109 Mich.. 640; *Locke* v. *Smith*, 41 N. H. 346; *Guthrie* v. *Murphy*, 4 Watts [Pa.], 80; *Tupper* v. *Cadwell*, 12 Met. [Mass.] 559; *Trainer* v. *Trumbull*, 141 Mass. 527; *Angell* v. *McLellan*, 16 Mass. 28; *Thrall* v. *Wright*, 38 Vt. 494; *Wailing* v. *Toll*, 9 Johns. 141; *Atchison* v. *Bruff*, 50 Barb. 381.)

The judgment should be reversed and a new trial granted, costs to abide the event.

VANN, J. (dissenting). The question presented by this appeal is whether, in an action against an infant for necessaries, when the plaintiff alleges in his complaint the fact of infancy, it is necessary for him to also allege the special facts which must be proved in order to make the infant liable?

An infant is not liable generally on its contracts, but only upon those made for it by the law, which, under peculiar circumstances, imputes a duty that the infant cannot of itself assume. The infant is not ordinarily liable even for necessaries, which are the usual and suitable means of support. It is not the primary duty of an infant to support itself, as that duty rests upon the father or upon some other person standing *in loco parentis*, and it is only when there is no such person who can or will discharge the duty that the infant becomes

liable. ( *Wailing* v. *Toll*, 9 Johns. 141; 2 Kent, 255; 16
Amer. & Eng. Encyclo. Law [2nd ed.], 275.) This liability is
an exception to the general rule, founded upon necessity, for
the infant must live, and if there is no one else to support it,
the law makes it liable even to a stranger who furnishes it
with suitable means of support. Every infant is furnished
with necessaries by some one, but it becomes liable therefor
only under the special circumstances named. Hence, these
special circumstances which create the liability must be proved
or there can be no recovery. They cannot be presumed,
for the presumption, in the absence of evidence, is that they
do not exist. They are essential facts, of which the Code
requires " a plain and concise statement." (Code Civ. Pro.
§ 481.) It is not enough to simply show that necessaries
were furnished, for it must also appear that there was no
one whose duty it was to provide them, or if there was
such a person, that he failed to discharge the duty. As these
facts must be shown by evidence, they must be set forth in
the complaint, which measures the evidence that may be
lawfully given at the trial.

These observations are made in the light of the fact that it
appears from the complaint that the defendant is an infant.
If that fact had not been expressly set forth, the defense of
infancy, when alleged in the answer, would " be deemed con-
troverted   *   *   * by traverse or avoidance as the case
requires." (Code Civ. Pro. § 522.) As the plaintiff alleged
that fact she was bound to allege facts in avoidance thereof,
which would not otherwise have been necessary. Having
assumed to allege a fact constituting a defense, she was obliged
to allege facts to avoid that defense. When she alleged that
the person furnished with necessaries was an infant, she should
also have alleged the facts showing why the infant was liable, as
otherwise the legal conclusion would be against liability. The
necessary allegation would not have been burdensome, for a sin-
gle sentence would have sufficed. No authority in this state
is cited to support the theory of the plaintiff that she can
allege the infancy of the defendant, without alleging facts

showing liability, notwithstanding such infancy. Infants, as wards of the court, are entitled to its special protection, and a fundamental rule of pleading should not be subverted in order to make a child, seven years old, liable for its own support, when, for aught that appears, it had a father able and willing to support it.

For these reasons I dissent from the judgment about to be pronounced by the court.

GRAY, BARTLETT, MARTIN, CULLEN and WERNER, JJ., concur with PARKER, Ch. J., for reversal; VANN, J., dissents.

Judgment reversed, etc.