## LOUCKS v. DUTCHER.

(Steuben County Court. August 20, 1908.)

1. PARENT AND CHILD—LIABILITY FOR GOODS FURNISHED CHILD—NECESSITIES.
   Before a recovery can be had of a father for goods furnished his minor son without his consent or direction, it must be shown the articles were a necessity to the son, and that the father refused to furnish them.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parent and Child, §§ 36–45.]

2. SAME—CONDITIONAL PROMISE TO PAY.
   Goods not necessary being furnished a minor without his father's consent or direction, the father is not liable therefor; any subsequent promise of his to do so being conditioned on the son doing something that he did not do.

Appeal from Justice Court.

Action by John T. Loucks against James R. Dutcher. From a judgment for plaintiff, defendant appeals. Reversed.

John F. Little, for appellant.
James McCall, for respondent.

BURRELL, J. The complaint is against James R. Dutcher, as the father of Charles Dutcher, a boy about 19 years of age at the time the goods were furnished, to recover for necessaries furnished by the plaintiff to the son of defendant. The necessaries consisted of a suit of clothes and an overcoat, in all of the value of $30; the suit of clothes being purchased in the month of June, 1902, and the overcoat in the fall of the same year. Both purchases were made by the son, Charles Dutcher, and charged on plaintiff's books of account to him. The complaint, which was verified by the plaintiff, alleges, among other things, in substance, that the son was then in a destitute condition without physical means or ability of providing himself with such necessary articles of clothing, and that the defendant well knew the fact, and that during the year 1902 the plaintiff furnished said infant son with clothing necessary for the life of said infant at that time of year, which necessaries of life the defendant had neglected and refused to furnish.

There is no question but that the son had the clothing, and that the same were charged to him, and not to the father. It also appears that, when he purchased a part of the clothing, the son was about to start out on the road with a picture show, and that the father desired his said son to stay at home and attend school and graduate. There is no proof before me that at any time this young man was in a destitute condition, or that he did not have suitable clothing, or that this

clothing was "necessary to save his life," or that there was any refusal on the part of the father, this defendant, to furnish him necessary and · comfortable clothing at any time. Before the plaintiff can recover in an action of this kind on the theory of having furnished necessaries to the infant, he must show that the articles furnished were a necessity to the infant, and that the father refused to furnish them. There is an absolute failure in this case to show that the son was not well supplied at the time of such purchases, or that there was any neglect on the part of the father. Parents of children have the right to say what clothing they shall wear, and they have a right to judge as to what they can afford by way of clothing for their children as well as what is reasonable and necessary for their health and comfort. It appears in the evidence that at one time the father had directed the plaintiff not to sell his son more goods and charge them to him without a written or verbal order from the father. This direction seems to have been heeded by the plaintiff, who charged these goods in controversy to the infant son.

In order for the plaintiff to recover, it was necessary to show the necessity of the articles furnished and the neglect or refusal of the parent to furnish them. Van Valkinburgh v. Watson, 13 Johns. 480, 7 Am. Dec. 395; Chilcott v. Trimble, 13 Barb. 502; Smith v. Church, 5 Hun, 109.; Goodman v. Alexander, 28 App. Div. 227, 50 N. Y. Supp. 884. "A father is not liable for articles of clothing furnished his minor child without his consent, in the absence of any proof that he neglected to supply such child with clothing necessary and proper for his condition in life." Clinton v. Rowland, 24 Barb. 634. In the case at bar the evidence shows that when he purchased the overcoat he had another short overcoat, and he testified as follows:

"I had two overcoats, had all I wanted. I had the overcoat I remember of and had all I needed. I had another short overcoat. Went away in the spring. Was away three months. What I earned outside I had myself. I always had comfortable clothes."

The evidence shows conclusively a sale to the infant, and that the father knew nothing of the transaction.

It is claimed, however, on the part of the plaintiff, that the defendant subsequently agreed to pay this account, and that the plaintiff by virtue of such agreement recharged these goods on his books to the defendant. There was a time later, when the defendant had a talk with his son, it was some time after he left the show business, and the defendant testifies that he told his son "if he would finish school he would arrange his matters," and the defendant had also a conversation with the plaintiff, in which he asked the plaintiff how much his son was owing him. The evidence shows that the defendant never agreed to pay this account unless the son would go to school and finish, or graduate. This the son did not do. There is no proof that the situation ever arose by which the defendant was bound to pay this account by virtue of any agreement testified to, or by reason of any promise to pay as alleged by the plaintiff. When the plaintiff sold these goods, he sold them to the son, no doubt having in mind the direction of the father not to charge them to him without an or-

der, and knowing that the father would not pay, and the plaintiff thus sold these goods at his peril, taking his chances of getting his pay later on. As the son failed to pay, there is later an attempt to make the father liable.

There being to my mind an absence of proof sufficient to create any liability on the part of the defendant, the judgment appealed from should be reversed, with costs.

Ordered accordingly.