### RANDALL vs. SWEET.

An infant is liable for money paid at his request to satisfy a debt which he had contracted for necessaries.

An infant is not liable for money borrowed, though expended by him for necessaries, nor for money borrowed to buy necessaries, where it was not so applied; but he is liable where the lender sees that the money is laid out for necessaries, in the same manner that he would be if the necessaries had been furnished directly by the lender. *Per* BRONSON, C. J.

An infant is likewise liable for money paid to procure his liberation from arrest on execution; and also on mesne process, where the arrest was for necessaries. *Per* BRONSON, C. J.

ASSUMPSIT, tried before MONELL, C. Judge, in August, 1843. The case was this: The plaintiff and defendant were partners in business in the sale of goods. In August, 1841, the partnership was dissolved: the defendant purchased the plaintiff's interest in the concern for $1500, and gave his notes to the plaintiff for the amount, payable at future periods. On one of those notes, for $75, this action was brought. Soon after the dissolution Root & McNaughton presented the plaintiff with an account for his board at two dollars a week, and some other things, amounting altogether to $45,63. The plaintiff requested the defendant to pay the amount to Root & McNaughton,

Randall *v.* Sweet.

and the defendant did so. The defendant had some further account against the plaintiff, one item being money paid to one Van Name for a pair of boots; and in December, 1841, the plaintiff settled the account, and gave the defendant his note for $50. The defendant proposed to set off the note or the consideration for which it was given against the plaintiff's demand. In answer, the plaintiff proved that he was an infant at the time the money was paid to Root & McNaughton, and at the time the $50 note was given in December following. The judge charged the jury that the defendant could not set off the note, because the plaintiff was an infant at the time it was given; but that he might set off so much of the account as was for necessaries furnished to the defendant. The plaintiff excepted; and the jury found a verdict in his favor for $31,90. The plaintiff moves for a new trial on a bill of exceptions.

*N. Hill, jun.* for the plaintiff.

*H. Gay,* for the defendant.

*By the Court,* BRONSON, Ch. J. An infant is not answerable for money borrowed, though expended by him for necessaries: nor for money borrowed to buy necessaries, unless it was actually so applied. And perhaps the infant is not answerable in that case, unless the lender either lays out the money himself, or sees it laid out for necessaries. But where that is done, the infant is answerable for the money, the same as he would have been for the necessaries had they been directly furnished by the lender. (*Earle* v. *Peale,* 1 *Salk.* 386; 10 *Mod.* 67, *S. C.;* *Ellis* v. *Ellis,* 12 *id.* 197; *Comb.* 482; 3 *Salk.* 197; 5 *Mod.* 368; 1 *Ld. Raym.* 344, *S. C.;* *Macph., Infants,* 505, 6; *and see Marlow* v. *Pitefield,* 1 *P. Wms.* 558; *Probart* v. *Knouth,* 2 *Esp.* 472, *n.*) So an infant is liable for money paid to procure his liberation from arrest on execution; and also on mesne process, where the arrest was for necessaries. (*Clarke* v. *Leslie,* 5 *Esp.* 28.) The case at bar falls within the principle of those where the infant has been held liable. The money was

paid at the plaintiff's request, to satisfy a debt which he owed for necessaries. The infancy of the plaintiff would have been no answer to an action by Root & McNaughton; and I think it is no answer to the claim of the defendant.

New trial denied.(*a*)

(*a*) See 4 *Carr. & Payne,* 104; *Steph. N. P.* 2050; *Chit. on Cont.* 144.