By the Couut. Sandford, J.
Several of the causes of demurrer assigned were overruled when this case was before us last fall; and we will confine our attention to the points which were not then decided.
1. The objection to the first replication to the third plea, that it is argumentative, is not properly presented in the demurrer. This is a ground for special demurrer only, and the defect must therefore be specified in express terms, so as to show what portion of the pleading constitutes the alleged argument.
2. The omission to state when the money alleged to be lent to Mrs. O. while sole, was in fact lent. We think the time alleged in the declaration may be referred to in aid of this omission ; but waiving that, the defect is one of so little importance that we will disregard it, and direct an amendment, without imposing any terms.
3. As to the money lent, the replication is said to be double *308 and multifarious, and to plead the evidence. This objection is not well taken, provided the replication be a good answer to the plea on this point; which is the principal question that remains to be considered. There is nothing stated which is not essential to sustain a claim against an infant for money lent; therefore, the formal objections to the statement are ill founded. Whether the whole statement suffices, is another question.
4. The replication, it is said, is bad because it does not answer, or profess to answer, the whole of the plea. The plea goes to all the promises of Mrs. O. while sole. The replication excepts the promises in the declaration, founded on the money had and received and the account slated.
We perceive no difficulty in the matter. A plea may, and often does, cover many distinct and independent causes of action set forth in the declaration. Yet the replication to such a plea may single out one cause of action, and make a good answer to the plea, when it would be no answer in support of any of the other claims. The account stated in this case, is plainly a distinct and independent cause of action. Then as to the money had and received. The three indebitatus claims for money, which are usually called the money counts, have for many years been combined in one count, with a single assumpsit applied to the whole. But they are nevertheless entirely distinct causes of action, and are to be so treated in pleading. On the same principle, and with the same effect, a plea of set-off is permitted to embrace a great variety of causes of action ; and it is deemed a separate plea for each, whenever it becomes necessary to discriminate between them. (Mercein v. Smith, 2 Hill, 213 ; Barbour on Set Off, 164, 5.)
5. The substantial question involved in the demurrer, is whether an infant can be made liable for money lent and advanced, which the lender has lent in and about the purchase of necessaries for the infant, and which was so applied directly by the lender, and under his directions.
In Randall v. Sweet, (1 Denio, 460,) Ch. J. Bronson, in delivering the opinion of the court, says, an infant is answerable for money borrowed under such circumstances. That case *309 may be sustained on the ground, that it was for money paid; but the court treated it as being one for money lent, and held the infant to be liable. We think it may be regarded as an authority upon the point.
If, however, it were an opinion merely, we assent fully to its correctness. It is true, that in general, an infant is not liable for money which he has borrowed; and it has been decided that the lender cannot recover, although it he proved that the infant actually laid out the money in necessaries. The reason given is, that by intrusting the money to the infant, he was enabled to spend it in dissipation if he had been so minded; and his subsequent judicious use of it could not confer a right of action, when none existed at the time of the loan.
On the other hand, there are many authorities which show, that where an infant has incurred a debt for necessaries, one who, at his request, pays such debt, may recover against him for the money paid. On the same principle, and with greater reason, should the infant be deemed liable for money lent and applied by the lender in procuring him necessaries. But it is said, that such an application establishes a demand for money paid for the infant’s use ; not a demand for money lent.
It may well be, that the person so applying his money, can recover it under a count for money paid, laid out and expended. Money lent is not unfrequently applied by the lender, directly to the use for which the borrower obtains it; but it is nevertheless money lent and advanced. In the case made by this replication, the lender, upon the request of the infant, advanced money to the latter, by laying it out in the purchase of necessaries ; thus using his more mature judgment in respect of price and quality. No debt was incurred to the one who furnished the necessaries ; and there was no liability of the infant to be discharged by the payment of the money. This was strictly money lent and advanced.
In the instances of money paid, for which infants have been held liable, the debts had been previously incurred, and the party furnishing the money, simply discharged such debts. It is manifest, that the true interests of an infant would be more likely to be promoted by the direct application of the money to *310 the purchase by the lender; and that the claim founded upon such an advance, stands on higher ground than that for money paid. The replication is therefore good in substance.
The first replication to the fourth plea, labors under one difficulty which is not obviated by our conclusion upon the replication to the third plea. It does not tender an issue or a verification, which is a defect that we cannot disregard. The plaintiff may now amend in this respect, as he should have done on his attention being called to it by the demurrer.
The defendants, if foiled in their objections to the replications, seek to attack the declaration. This, we are satisfied, they are at liberty to do, according to the established practice, upon any ground that would be fatal on a general demurrer.
The defect principally urged is, that the declaration contains two inconsistent causes of action. This is answered by the plaintiff’s showing that he has discontinued his suit as to all the counts founded upon the promises of the husband after marriage. The discontinuance is pronounced by the defendant to be incongruous, and a monster unknown to the law.
This is not the place to decide on the regularity or the propriety of the discontinuance. The portions of the declaration discontinued are to be deemed separate causes of action, the same as if in separate counts ; and in this respect, we perceive no irregularity. The mode and the terms of discontinuing, are matters of practice, to be settled on motion. The other objections to the declaration are not well taken.
Judgment accordingly.