SAMMIS v. SMITH, sheriff, etc., appellant.

*Execution — exemption law — working tools.*

Whether specific articles are, in a particular case, working tools within the meaning of the statutes of exemption is a question of fact for the jury.

A net and boat, owned and used by a fisherman, although it required two men to operate them, *held* working tools within the statutes, and exempt from execution.

APPEAL from a judgment in favor of plaintiff, entered upon the verdict of a jury.

The plaintiff, Andrew J. Sammis, was the owner of a boat and net. The boat was a small sail-boat 16 feet long, the net was 135 fathoms in length, and two men were required to operate it.

A judgment was recovered against plaintiff by one George Pearsall, and execution thereupon issued to the defendant, George W. Smith, who was, at the time, sheriff of Suffolk county. Under such execution defendant seized and sold the boat and net, although plaintiff claimed that they were exempt from such levy and sale. This action was brought to recover the value of the property mentioned, upon the ground that they were exempt from execution, defendant having a family dependent upon him for support, and using such property in the pursuit of his occupation.

*Smith & Stanbrough,* for appellant. The boat and net were not tools in the sense used by the statute. *Dain* v. *Prosser,* 32 Barb. 290; *Ford* v. *Johnson,* 34 id. 364; *Morse* v. *Keyes,* 6 How. 18; *Buckingham* v. *Billings,* 13 Mass. 82; *Danforth* v. *Billings,* 10 id. 82; *Kelburn* v. *Demming,* 2 Vt. 404; *Bachelor* v. *Shapleigh,* 10 Me. 135; *Wallace* v. *Collins,* 5 Ark. 41; *Whitcomb* v. *Reid,* 31 Mass. 567; *Smith* v. *Gibbs,* 6 Gray, 298; Webster's Dict. "Tool."

*R. Jennings,* for respondent. Whether an article exempt is a question of fact. *Willson* v. *Ellis,* 1 Denio, 460; *Van Sickler* v. *Jacobs,* 14 Johns. 434. Wagon or cart exempt. *Van Buren* v. *Loper,* 29 Barb. 388; 8 How. 75. Horse and wagon exempt. *Wheeler* v. *Cropsey,* 5 How. 288. Horse and wagon of physician and cartman exempt. *Harthouse* v. *Rikers,* 1 Duer, 606. A watch. *Betting* v. *Vandenburgh,* 17 How. 80. Books and instruments of surgeon. *Robinson's Case,* 3 Abb. 466. As to general principle. *Hoyt* v. *Van Alstyne,* 15 Barb. 568. Statutes of exemption should be liberally construed. 25 Wend. 37; *Ford* v. *Johnson,* 34 Barb. 364.

BARNARD, P. J. The defendant sold the property in question by virtue of an execution against the plaintiff, in favor of George W. Pearsall, and such sale was by direction of Pearsall.

It is too late, after selling the property as the property of plaintiff, to assert another and different title to the same property. A mere lien, if the defendant had such an one, would not justify a sale under an execution against the plaintiff. By the sale the defendant was guilty of a conversion, and if the sale was not justified, the plaintiff is entitled to recover.

The property was a net and boat. The plaintiff is a fisherman, and he used this boat and net to support his family. The net was over six hundred feet long. It took two men to man the boat and use the net. Were the net and boat working tools within the meaning of chapter 157 of Laws of 1842, and chapter 134, Laws of 1859, page 343?

The jury have found that they were, upon the submission to them of the question as one of fact.

It seems to be a question of fact for the jury to determine. *Whitman* v. *Ellis,* 1 Denio, 460.

It is the duty of courts to give a liberal interpretation to this benign statute. The object of it is plain. The law designed to leave in the hands of the head of the family the means by which he earned subsistence for the family. Under this statute the word "team" has been held to cover the cart or wagon, without which the team would be of no use.

A watch has been held a working tool to a debtor which was necessary for the purpose of his employment.

I think the defendant came within the spirit of the act. The boat and net are the implements by which he supports his family. They are necessary to his business. Without their possession the plaintiff is powerless to carry on his calling. He is unable to support his family, and the evil which the law designed to provide against is brought home to them. The exemption which the jury have given the plaintiff ought to be sustained by the court.

*Judgment affirmed, with costs.*