(10 Misc. Rep. 546.)

### HOVELL v. NOLL.

(City Court of Brooklyn, General Term. December 24, 1894.)

GUARDIAN AND WARD—SUPPORT BEFORE APPOINTMENT OF GUARDIAN.
　　A guardian will be allowed for maintenance of the ward furnished by him before his appointment.

Appeal from trial term.

Action by Margaretha Hovell against William Noll. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before VAN WYCK and OSBORNE, JJ.

Max Hallheimer, for appellant.

Chas. J. Patterson, for respondent.

VAN WYCK, J.    When the plaintiff was about six years old, both of her parents died, leaving her and two brothers surviving them. She lived first with her brother Adam Strohlein, but he soon died; and then her brother John Strohlein took her, at the age of about seven years, to his home, and supported her till she was eighteen, providing her with clothing and all the necessaries of life.    He was a poor man, and owned, with his sister, in common, an equity in a piece of real estate of the net value of $942.44, making the share of each $471.22.    When plaintiff was nine years old her interest in this real estate was sold, because she was in absolute need of it for her support, under infant proceedings instituted for that purpose. John Strohlein, her brother, was appointed her guardian ad litem therein, and received her net share of $471.22, giving the usual bond for the faithful discharge of his trust, with two sureties, viz. William Noll, the defendant herein, and one John F. Melloh, who is now dead. John Strohlein died in October, 1889, and this action on this bond was commenced in the spring of 1890 to recover the said sum of $471.22, with interest from the time John Strohlein, her guardian, received it.    The verdict was in favor of plaintiff for $923.38.

The defendant's first defense was that he could not be sued till there was an accounting between the guardian or his representative and the ward.    Let us assume, for the time being, that an action at law could be maintained without such accounting, under the authority of Long v. Long, 142 N. Y. 545, 37 N. E. 486; then we are confronted with the second defense, and the question as to whether any error was committed in the trial thereof to the injury of the defendant.    This defense was that the guardian was entitled to an allowance for his expenditures in the support of the child while she was too young to support herself.    The trial court held that such an allowance should be made for the period subsequent to the guardian's appointment, but not for that prior thereto.    To this limitation an exception was duly taken.    John Strohlein was the natural guardian of this child, and there is no question that he maintained and supported her till she was old enough to do so herself, furnishing her with all the necessaries of life.    There was no order authorizing the guardian, Strohlein, to use this money for the support of the child, but it has been frequently held in this state that, if the expenditures made by a guardian for the support of his ward were "such that they would have been authorized by the court if the application had been made in advance of paying out the money," then they should be allowed in an action or proceedings where the amount due the ward is involved.    The plaintiff, while an infant of very tender years, was without means, except her equity in this real estate, which realized a net sum of $471.22.    This money could have been devoted to no better purpose than to maintain her in a decent home under good influences.    The law provides for just such a case.    It authorizes the court to direct the sale of an infant's real estate where the personal property and the income of the real estate are "together insufficient for the payment of his debts or for the maintenance and the necessary education of himself."    Code Civ. Proc. § 2348, subd. 1.    An infant's

estate is liable for moneys advanced for the necessaries of life. Atchison v. Bruff, 50 Barb. 381; Smith v. Oliphant, 2 Sandf. 306; Randall v. Sweet, 1 Denio, 460.   This infant had no personal estate, and no income from real estate, and the order made in the proceedings under which her real estate was sold indicates that the application for such sale was made on the ground that the infant was in absolute need of the proceeds for her support and maintenance.   The claim for back support of this infant by her guardian, John Strohlein, before the sale of the real estate, should have been taken into consideration in determining what allowance should have been made him if he did not intend to donate to her the cost of the living provided by him.   Hyland v. Baxter, 98 N. Y. 610 (see page 615); In re Bostwick, 4 Johns. Ch. 100–105; Shepard v. Stebbins, 17 N. Y. St. Rep. 900.   In Hyland v. Baxter the court says:

"It is not necessary, at the present time, to consider the rules which govern courts of equity in exercising this jurisdiction, but the general principle has been applied in many cases that an allowance for past maintenance of infants may be made to executors, trustees, or guardians upon an accounting or upon petition, even when it requires breaking in upon the capital, provided the expenditures for which reimbursement is sought would have been authorized by the court if application had been made in advance."

In that case the administrator of their father, without any order of court, advanced moneys to the mother (of infants) for their support, she being their natural guardian, they having no general guardian at the time; and the court credited the administrator with these advances 10 years afterwards.   In Re Bostwick, 4 Johns. Ch. 105, the chancellor expressly declares that a parent may be allowed, out of the capital of the infant, for the past maintenance of such infant.   The judgment and order are reversed, and new trial ordered, with costs to abide the event.