(66 App. Div. 572.)

### GRAY v. SANDS.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

INFANTS—CONTRACTS—NECESSARIES—REASONABLE VALUE.

 Where, in an action against an infant on a contract, plaintiff fails to allege the reasonable worth of the items furnished under the contract, and it is not shown that they were necessaries, recovery therefor cannot be had.

Appeal from trial term, New York county.

Action by Charles N. Gray against Joshua Sands. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William L. Snyder, for appellant.
Clifford W. Hartridge, for respondent.

HATCH, J. The complaint in this action sets forth five separate causes of action on contract assigned to the plaintiff by one Charles H. Thurston, a stationer and proprietor of a college dormitory at Harvard University, where the defendant was a student at college in the years 1897–98 and 1898–99. The first cause of action is for $45, which it is alleged was loaned to the defendant by the plaintiff's assignor; the second, for goods, wares, and merchandise sold and delivered by Thurston to the defendant, for which he agreed to pay the sum of $9.01; the third, for theater tickets averred to have been sold by Thurston to defendant, for which he agreed to pay $54; the fourth, for a balance of $100 averred to be due upon a lease of a suite of rooms for a term from October 1, 1897, to July 1, 1898 (the lease providing that the lessee was to pay $100 on December 1, 1897, and $100 on June 1, 1898; it being claimed that the last-named payment was not made); and, fifth, for $11.38 averred to be due and unpaid for gas and electric light used by the defendant, and which the defendant agreed to pay as provided in and by a clause in the lease mentioned in the fourth cause of action. The defense is infancy, and it appears that at the times referred to in the complaint the defendant was between 16 and 18 years of age. He entered Harvard in September, 1897, and left there in December, 1898; went back in the fall of 1898, and in December of the same year left for good. His father paid all of his bills himself the first year, but during the second he was upon an allowance made by his father. The defendant was still an infant at the time of the trial.

At the close of the proofs, both parties moved for the direction of a verdict. The court denied the motion as to the defendant, and granted that of the plaintiff. So far, therefore, as disputed questions of fact are concerned, the direction resolves them in favor of the plaintiff, as there was no request upon the part of the defendant to submit such questions to the jury for their determination. The action is upon contract, and not upon a quantum meruit, and, in effect, the recovery has been had, based upon the contract price agreed to be paid, and not upon the actual value of the commodities furnished. There is no averment in the complaint, nor was proof given upon the trial, to establish that the various articles sold and delivered or furnished to the defendant were necessaries; and, while the character of some of the things furnished might have been shown to be necessaries, the plaintiff contented himself by relying solely upon the terms of the contracts. The primary obli-

gation for the support and maintenance of an infant rests upon the father, and he may not be made liable, except for necessaries furnished to the infant when he has failed in the performance of his obligation; and, in order to charge him, it is incumbent upon the person seeking to support the charge to aver and prove his failure to discharge the obligation, and that the things furnished were strictly necessaries. Manning v. Wells, 85 Hun, 27, 32 N. Y. Supp. 601. The obligation of an infant upon his contract to pay for necessaries furnished to him is not higher than the obligation of the father. They must be strictly necessaries, and, in substance, are limited to such articles as are requisite for the body, such as food, clothing, and lodging, or such as may be necessary for the proper cultivation of the mind, as suitable instruction. Allen v. Lardner, 78 Hun, 603, 29 N. Y. Supp. 213. An infant cannot be made liable for borrowed money, except it be shown that it was applied to his personal use for some necessity; and the lender is bound to see that it is in fact so applied, before liability is established. Randall v. Sweet, 1 Denio, 460; Smith v. Oliphant, 2 Sandf. 306. Under this rule it is clearly evident that the judgment which has been rendered in this action cannot be sustained. There was no attempt to prove that the money which was loaned was used for any purpose as a necessity of the infant, or that any of the things furnished were a necessity for which the law would authorize a recovery. In addition thereto, the charge for the theater tickets was clearly not for a necessity. If some of the items might have been a proper charge against the infant, yet failure to allege and prove that they were necessaries defeats a recovery. In addition to this, it was also incumbent upon the plaintiff to prove the value of the things furnished, as the infant could not be charged for a greater sum than the fair value of the necessaries which were furnished, even though he contracted to pay more. In no view can this judgment be sustained.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.