(87 App. Div. 366.)

MURPHY et al. v. HOLMES.

(Supreme Court, Appellate Division, First Department. November 13, 1903.)

1. INFANTS—LIABILITY FOR NECESSARIES—CONTRACT WITH GUARDIAN.
An infant, though having an estate, is not liable for necessaries furnished her under contract with her guardian, and on the guardian's credit.

2. SAME—QUESTION FOR JURY.
It is at least a question for the jury whether a contract for necessaries for an infant was not made with her guardian, and on the guardian's credit; the only evidence of any contract with the infant being

that she was present at the conversation between the guardian and the person furnishing the necessaries, in which such person stated information she had received as to the infant's estate, and that on that account she was perfectly secure.

3. SAME—ADMISSION IN ANSWER.
    Admission in the answer of an infant of a contract is not binding on her.

Appeal from Trial Term, New York County.

Action by Eva R. Murphy and another against M. Louise Holmes and another. From a judgment on a verdict for plaintiffs, and from an order denying a motion for a new trial, defendant Holmes appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles H. Searle, for appellant.

G. Burchard Smith, for respondent.

HATCH, J. The complaint averred a cause of action upon a promissory note made by the defendant Holmes and indorsed by the defendant Butterfield. At the time the note was made the defendant was an infant over the age of 14 years. The note itself, together with the indorsement thereon, was set out in the complaint; and it averred in connection therewith that the note was given for necessaries supplied to the infant, in the form of board and tuition, at the school conducted by the plaintiffs, and that the education so furnished was such as was suitable to the station in life of the infant; that the necessaries were supplied at the request of the infant and of her guardian, the defendant Butterfield. The answer, among other things, pleaded infancy as a defense to the note. Upon the trial the court held that there could be no recovery upon the promissory note, and that the infant could not be bound upon her executory contract. The court, however, permitted the action to proceed against the infant upon the theory that the complaint averred a cause of action as and for necessaries furnished to the infant, holding that a recovery might be had, if the board and tuition were necessaries, to the extent of their reasonable value; and the court submitted such question to the jury upon that theory. The jury found a verdict in favor of the plaintiffs for the amount represented by the note. The evidence justified a finding that the board and tuition were a necessary of the infant, and that the reasonable value thereof was the sum which the jury found. It is the contention of the defendant infant that the complaint stated a cause of action solely upon a promissory note, and that, as the infant could not be bound by that contract, the complaint as to her should have been dismissed. The complaint is somewhat meager in its statement of a cause of action upon which to charge the infant as and for necessaries furnished, but within the doctrine announced in Goodman v. Alexander, 165 N. Y. 289, 59 N. E. 145, 55 L. R. A. 781, we think the complaint may be regarded as sufficient to present such issue. Reaching this conclusion, we are confronted with the question as to whether a case was made which justified a recovery against the infant for necessaries furnished to her, and, if so, whether reversible

error was committed by the court in the disposition which it made of the case.

The evidence disclosed that both parents of the infant died when she was of a tender age, and that the infant had resided with the defendant Butterfield, her aunt, who was also her general guardian. The mother of the infant had left some estate, the amount and value of which, under the proofs developed upon the trial, is quite problematical. It appeared that the plaintiffs conducted a young ladies' boarding school in the city of New York, and that as early as September 2, 1898, the defendant Butterfield was in communication with the plaintiffs in regard to some arrangement which might be made with them for the board and tuition of the infant. On this date the plaintiff Eva R. Murphy acknowledged the receipt of a letter from Mrs. Butterfield relating to such subject. In answer thereto she gave a description of the school, its respectability, etc., and stating:

"With reference to Louise I can tell you that I should be very glad to have her with us in our home. Five hundred dollars can be made to cover the regular school work, including Latin, German or French, Physical Culture and all English branches, also laundry and board. I will make this five hundred cover sitting in church."

On the 13th of September, 1898, the plaintiff Eva R. Murphy acknowledged the receipt of another letter from Mrs. Butterfield, and in reply thereto stated:

"Your letter brought double pleasure to us. In the first place we are glad to have Louise in our family, and, secondly, your frankness, confidence and sound judgment promise that we shall understand each other, and desire the same things for our joint charge. * * * We shall expect her here September twenty-sixth. If you are in town earlier, of course we shall be glad to have you call and see us and her future school home. I hope that you will decide to come with her, for it would be more satisfactory to you to see how things are."

It appeared from the testimony of the plaintiff Murphy that she visited Utica, where the defendants resided, the last of September, 1898. Whether this was before or after the last letter was written, does not clearly appear. She testified that while in Utica she made inquiries of Mr. Townsend, who represented the infant's estate, as to its amount and value, and she called upon the defendants at the home of Mrs. Butterfield. She was then informed that the father and mother of the infant Holmes were deceased, and that she was living with Mrs. Butterfield, in Utica. In a conversation which she had at the home of Mrs. Butterfield, she told them the information she had received from Mr. Townsend as to the value of the estate, and that on account thereof she was perfectly secure; and they talked with respect to the amount of the board and tuition and the time of payment, and finally the sum of $500 was agreed upon as the tuition. It does not appear during this interview that Miss Holmes said anything. From all that appears, she was a passive listener to the transaction, and the conversation for the most part was conducted by the plaintiff Murphy and Mrs. Butterfield. There is not a scintilla of evidence to show that Miss Holmes, the infant, took any part whatever in the negotiations which resulted in the contract for the board and tuition to be furnished by the plaintiffs.

Under date of October 24, 1898, the plaintiffs rendered a bill to Mrs. Butterfield for a half year's schooling of Miss Holmes, and other items, amounting to $255.65; and again, on February 1, 1899, a bill was rendered by the plaintiffs to Mrs. Butterfield for one year's tuition of $500, and other items, making a total of $508.43, giving a credit of $10, and leaving the amount of this bill $498.43. Upon this testimony it is evident that the jury would have been authorized to find that the contract for the board and tuition of Miss Holmes was made with Mrs. Butterfield, and upon her security. Indeed, there is no proof showing or tending to show that any contract whatever was made with the infant. The only evidence in the case upon that subject was Miss Holmes' presence during the conversation between the plaintiff Murphy and Mrs. Butterfield, in which reference was made to her estate, and her subsequent statements to Miss Murphy, after the performance of the contract had begun, as to the nature and character of her property. It is the settled law of this state that the obligation to support, maintain, and educate the infant rests upon the father, when the father is of sufficient ability to discharge the obligation. Where the parents are not living, the duty to provide support, maintenance, and education is devolved upon the general guardian, and may be taken out of the estate of the infant. Where the necessaries furnished to an infant are so furnished upon the credit of the parent, or under contract with the parent or general guardian, no liability is established against the defendant, even though the infant has a separate estate. Goodman v. Alexander, supra; Wailing v. Toll, 9 Johns. 141; Gay v. Ballou, 4 Wend. 403, 21 Am. Dec. 158. If the plaintiff in the present case contracted with Mrs. Butterfield to furnish the board and tuition for the infant upon her sole credit, then no recovery can be had therefor against the infant. The case, therefore, as it was made, presented an issue of fact, to say the least, as to whether the contract was made with Mrs. Butterfield, and upon her credit; and, if so, no recovery can be had against the infant, even though it be admitted that the board and tuition were necessaries suitable to the infant's station in life, and that they were reasonably worth the amount which was claimed. This question was raised upon the trial, and the court ruled against the infant defendant in respect to such question upon the ground that there was an admission of the contract in the answer to pay $500 for the board and tuition. Admitting that this was a correct statement of the position of the parties under the pleading, it by no means follows that the ruling was proper. Such admission, if made, was not binding upon the infant. Bates v. Virolet, 33 App. Div. 436, 53 N. Y. Supp. 893. In addition thereto, it became incumbent upon the plaintiffs to prove, as a part of their affirmative case, that the obligation to support and maintain had not been discharged by the person upon whom the duty devolved, before the liability of the infant would attach. Gray v. Sands, 66 App. Div. 572, 73 N. Y. Supp. 322. And it necessarily follows that the plaintiffs could not recover if they had furnished the board and tuition under contract with a third person. The theory upon which the infant is rendered liable for necessaries is that they have been furnished and were necessary, and that the

persons standing in the relation of parent had not the ability to respond for the amount thereof. Where they have such ability, no liability can attach to the infant. It follows as a necessary sequence to this rule of law that, where the necessaries are furnished pursuant to a special contract entered into with a third party, no liability attaches to the infant, for the reason that the person stipulates not to charge the infant, but to charge the third party. It is the absence of a contract which authorizes a recovery against the infant, not its presence. Following its ruling in respect to the evidence, the court submitted to the jury for their consideration a single question, as to whether the board and tuition for which the contract was made were reasonable and proper, taking into account the station in life of the infant and her surroundings, and treated the answer as admitting a contract upon the part of the infant to pay therefor. The court refused, in express terms, to submit to the jury the question as to whether the contract was made with Mrs. Butterfield, to the exclusion of the infant, to which refusal the defendant infant took an exception. This ruling was erroneous. If such contract existed, the plaintiff had no cause of action against the infant.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.