ELIZA FAIRWEATHER, Respondent, *v.* CATHERINE HALL BUR-LING, Appellant.

PARTITION — INFANCY OF DEFENDANT DOES NOT ENTITLE HIM TO REFERENCE OF ISSUES OF FACT AGAINST OBJECTION OF A PARTY — CODE CIV. PRO. §§ 1544, 1545. Issues of fact joined in an action of partition are triable by jury as a matter of right (Code Civ. Pro. § 1544) whether an infant is a party or not. Section 1545, providing that where a party has made default in appearing or pleading, "or where a party is an infant the court must ascertain * * * by a reference or otherwise," refers only to defaults, including the case of an infant defendant who has served a formal answer which raises no issue, which is a practical default, and gives him no right to insist upon a reference against the objection of one of the parties who is an adult.

*Fairweather* v. *Burling,* 98 App. Div. 267, affirmed.

(Argued February 21, 1905; decided March 7, 1905.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 18, 1904, which reversed an order of Special Term granting a motion for a reference.

The facts, so far as material, and the questions certified are stated in the opinion.

*F. De Lysle Smith* for appellant.   The provision in section 1545 of the Code of Civil Procedure, to wit, "or where a party is an infant," is a recognition of and preserves the former exclusive chancery jurisdiction over an infant, which has always been exclusive where an infant is a party even to the trial of title, and particularly in actions of partition. (*Hewlett* v. *Wood,* 62 N. Y. 76 ; *Wilkin* v. *Wilkin,* 1 Johns.

Ch. 111 ; *Phelps* v. *Green*, 3 Johns. Ch. 302 ; *Coxe* v. *Smith*, 4 Johns. Ch. 271 ; *Larkin* v. *Mann*, 2 Paige, 26 ; *Jenkins* v. *Van Schaack*, 3 Paige, 245 ; *Van Cortlandt* v. *Beekman*, 6 Paige, 492 ; *Burhans* v. *Burhans*, 2 Barb. Ch. 398 ; Hochheimer on Custody of Infants, 45–73 ; Story's Eq. Juris. §§ 1327–1361 ; Pom. Eq. Juris. §§ 170, 171, subd. 6, 1303–1309 ; Chambers Chan. Jur. Rel. to Infants, 1 ; Shouler on Dom. Rel. §§ 248, 316, 317 ; *Matter of Hubbard*, 82 N. Y. 92 ; *Wilcox* v. *Wilcox*, 14 N. Y. 578.) The decision of the Appellate Division is contrary to correct rules of construction and interpretation of statutes. (*Johnson* v. *H. R. R. R. Co.*, 49 N. Y. 455 ; *McCluskey* v. *Cromwell*, 11 N. Y. 593 ; *Benton* v. *Wickwire*, 54 N. Y. 226 ; *Schoonmaker* v. *Hoyt*, 148 N. Y. 425 ; *C. St. R. Co.* v. *T. S. R. Co.*, 149 N. Y. 51 ; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341 ; *Loud* v. *P. L. & W. Co.*, 153 U. S. 564 ; *Southwell* v. *Beezley*, 5 Oreg. 458 ; *Hyatt* v. *Taylor*, 42 N. Y. 260 ; *Matter of N. Y. & B. Bridge*, 72 N. Y. 529.)

*Francis B. Mullin* for respondent. An issue in partition is triable as of right by jury. A party cannot be deprived of this right without his consent. It is only when there is a default, or the answer raises no material issue, that a reference is proper ; and *a fortiori* is this true in the presence of an infant party. If the pleadings present issues as of title, they must be tried by jury if either party so require. There is no inconsistency in sections 1544 and 1545 of the Civil Code. (*Jones* v. *Jones*, 120 N. Y. 589 ; *Bowen* v. *Sweeney*, 143 N. Y. 349 ; *Mellen* v. *Mellen*, 21 Civ. Pro. Rep. 301 ; *Howell* v. *Mills*, 56 N. Y. 226 ; *Miller* v. *Struppmann*, 6 Abb. [N. C.] 343 ; *Larder* v. *Granger*, 51 N. Y. S. R. 185 ; *Cassidy* v. *Wallace*, 61 How. Pr. 240 ; *Southack* v. *C. T. Co.*, 62 App. Div. 260 ; *Hewlett* v. *Wood*, 62 N. Y. 75 ; *Levine* v. *Goldsmith*, 71 App. Div. 204.)

VANN, J. This is an action of partition in which the sole defendant is an infant, who by her answer put at issue the

title and possession of the plaintiff. The defendant moved for a reference, and although the plaintiff objected, the motion was granted and an order made sending the case to a referee to take the proofs and report the facts with his conclusions of law. Upon appeal to the Appellate Division the order was reversed, and on the application of the defendant leave was given to appeal to this court, and the following questions were certified for our determination: "1. Under sections Fifteen hundred and forty-four (1544) and Fifteen hundred and forty-five (1545) of the Code of Civil Procedure, is a trial by jury of the issues of fact, including title and possession raised by the pleadings in an action for partition, in which a party is an infant, a matter of right, or can a reference be ordered for that purpose notwithstanding the objection of one of the parties who is an adult?

"2. In an action for partition of real property, in which an infant is a party, are the issues of fact raised by the pleadings triable by a jury?"

The questions certified require us to construe sections 1544 and 1545 of the Code of Civil Procedure. The defendant claims that the later section excepts from the effect of the earlier every action for partition to which an infant is a party, but we do not so read the statute. The first section named provides for issues and the second for defaults. When an issue of fact has been raised by the service of an answer by any party, whether adult or infant, a jury trial is required by section 1544. When, however, no adult defendant has answered, and an infant defendant has served an answer merely submitting his rights to the court, which raises no issue but is a practical default, an investigation is required by section 1545 to guide the court in entering judgment. That investigation may be made by the court itself or by a referee, and the statute is supplemented by the General Rules of Practice. (Rule 66.) We agree with the learned Appellate Division that it would not be reasonable to hold "that the legislature intended to allow infants to be deprived of the right of trial by jury, guaranteed by section 1544, or to compel other parties

to forego that right upon the application of infant parties." This construction harmonizes the two sections and gives full force and effect to every part of each. It gives the infant adequate protection without giving him a right not enjoyed by adults and without subjecting him to a burden which they do not have to bear. The legislature provided that all questions of fact in these important actions should be tried before a jury whether an infant is a party or not. After thus providing for the disposition of issues of fact it made provision for cases in which there was no such issue by requiring an investigation to be made by the court or by a referee in relation to the rights, shares and interests of the several parties so that the proper interlocutory judgment could be rendered. The phrase "or where a party is an infant," as used in immediate connection with the phrase "where a defendant has made default in appearing or pleading," shows that the legislature was dealing with defaults and to avoid misconstruction included the case of an infant who had served a formal answer which raised no issue.

The learned counsel for the defendant has shown great diligence in giving the history of partition and the practice which prevailed from the earliest times until the enactment of the statute under consideration. This history is interesting but not controlling in view of the clear and explicit command of the legislature that an issue of fact joined in an action of partition is triable by a jury. This gives any party to the action the right to insist upon a jury trial and to resist an application to refer. A reference can be had only by consent of all parties to the issue, or in case of the default of all parties, including the practical default of an infant who submits his rights to the court.

We need add nothing to what was said by the Appellate Division, and we should not have felt it necessary to express our views in an opinion had both of the questions certified been in a form to admit of a categorical answer, which, as we have held, convenience requires. (*Devlin* v. *Hinman*, 161 N. Y. 115, 118.) We have already indicated our answers to

those questions and our remaining duty is to affirm the order appealed from, with costs.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and WERNER, JJ., concur.

Order affirmed.