### KINDGEN v. CRAIG et al. (No. 5736.)

(Supreme Court, Appellate Division, First Department. May 15, 1914.)

1. INFANTS (§ 77*)—ACTIONS—GUARDIAN AD LITEM.
　　　An infant defendant must appear by guardian ad litem.
　　　[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 192–194, 231; Dec. Dig. § 77.*]

2. INFANTS (§ 108*)—ACTIONS—JUDGMENT.
　　　Under Code Civ. Proc. § 1218, providing that judgment by default shall not be taken against an infant defendant until 20 days have expired since the appointment of a guardian ad litem, plaintiff is entitled to move for judgment on the pleadings where the adult defendants are in default and the guardian ad litem for the infant defendant does not answer within the 20 days; but, where he after notice of motion for judgment files an answer submitting the rights of the infant defendant, the court must take proof of the facts alleged in the complaint before granting judgment against the infant defendant.
　　　[Ed. Note.—For other cases, see Infants, Cent. Dig. § 309; Dec. Dig. § 108.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. INFANTS (§ 108*)—ACTIONS—JUDGMENT.

Where the guardian ad litem of an infant defendant interposes an answer submitting the rights of the infant to the court, pending a motion by plaintiff for judgment, the proof of the facts alleged in the complaint essential before granting judgment may be taken by the court itself, or by a referee appointed for that purpose.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 309; Dec. Dig. § 108.*]

Appeal from Special Term, New York County.

Action by William J. Kindgen, as receiver of the property of Letitia M. Craig, a judgment debtor, against Letitia M. Craig and others. From an order denying a motion for judgment for the relief demanded by the complaint, or for an order of reference to take proof of facts alleged in the complaint, or for such other relief as might be just, plaintiff appeals. Reversed, and motion remanded for further proceedings.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

John C. Gulick, of New York City, for appellant.
William Klein, of New York City, for respondent Craig.

INGRAHAM, P. J. Plaintiff, as receiver of the property of the defendant Letitia M. Craig, judgment debtor, brought this action to set aside certain transfers of personal property to Laura E. J. Craig, an infant, and by said Laura E. J. Craig to Nancy Carrick. The summons and complaint were served upon each of them as defendants. William Klein, Esq., was appointed guardian ad litem for the infant defendant, Laura E. J. Craig, but was in default in serving an answer. Whereupon the plaintiff, on December 6, 1913, served on the guardian ad litem but not on the attorney for other defendants a notice of motion for judgment or for order of reference to take proof of the facts and circumstances set forth in the complaint. On December 8, 1913, after the notice of motion for judgment had been served on the guardian ad litem, the guardian ad litem interposed a general answer by the infant defendant, simply submitting the rights of said infant defendant to the court. Thereupon the court denied the motion for judgment on the ground that the answer for the infant defendant raised the general issue.

[1-3] In this ruling I think the court was wrong. An infant defendant must appear by guardian ad litem. Section 1218 of the Code of Civil Procedure provides:

"Judgment by default shall not be taken against an infant defendant, until twenty days have expired, since the appointment of a guardian ad litem for him."

The 20 days having elapsed after the appointment of the guardian ad litem, the plaintiff was entitled to move for judgment on the pleadings; the other defendants being in default in serving answer. The answer of the infant defendant, denying none of the allegations of the complaint and simply submitting her rights to the court, required

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the court to take proof of the facts and circumstances alleged in the complaint before granting judgment, but such proof could be taken by the court itself or by referee appointed for that purpose. The answer raised no issue which required the trial of an issue of fact, as in an action in which issues had been raised by the service of an answer denying the allegations of fact contained in the complaint. In Fairweather v. Burling, 181 N. Y. 117, 73 N. E. 565, it was held that, when no adult defendant has answered and an infant defendant has served an answer merely submitting his rights to the court, it raises no issue and is a practical default, and only an investigation of the facts alleged in the complaint is required by the court.

I think therefore the order appealed from should be reversed, with $10 costs and disbursements, and the motion remitted to Special Term for such further proceeding as is proper in accordance with the views herein expressed. All concur.