CHRISTINA CARLIN, Appellant, *v.* CHRISTOPHER BRUHL and Others, Respondents, Impleaded with GUSTAVAS MORRISON, Defendant, and ELIZABETH MORRISON and Others, Appellants.

Second Department, June 6, 1919.

Partition — pleading — Statute of Limitations — mortgages — application of rents to payment of interest by mortgagee in possession.

In an action for partition, *held,* that the reply of adult defendants and the answers of infant defendants did not raise an issue as to the Statute of Limitations.

A mortgagee in possession of the mortgaged property and collecting the rents therefrom is bound to apply the amount received, over and above the necessary expenses, to the interest due on the mortgage, where she does not turn them over to the owner, and the law will declare them to have been so applied.

The receipt of rents by a mortgagee in possession will stop the Statute of Limitations from running against the mortgage if they are more than sufficient to pay the necessary expenses.

APPEAL by the plaintiff, Christina Carlin, and by the defendants Elizabeth Morrison and others, from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of Kings on the 26th day of December, 1918, upon the decision of the court after a trial at the Kings County Special Term.

The judgment was rendered in an action to partition certain property situated on Greenpoint avenue, Brooklyn.

*David J. Wagner* [*Carsten H. Ludder* with him on the brief], for the plaintiff, appellant.

*Arthur Watson,* guardian ad litem for the infant appellants, Morrison.

*Carl Stedman Brown* [*Harry Meyer, Jr.,* and *Edward T. Horwill* with him on the brief], for the respondents.

PER CURIAM:

The reply to the answer of the adult defendants and the answers of the infant defendants did not raise an issue as to the Statute of Limitations. (*Fairweather* v. *Burling,* 181 N. Y. 117; *Kindgen* v. *Craig,* 162 App. Div. 508.)

The evidence given in this case presented a complete answer to the claim that the Statute of Limitations has run on this mortgage and that it must be presumed to be paid. Although the issue is not raised by the pleadings, a determination upon the merits will be more satisfactory to the parties than one based upon a technicality in pleading.

Mary Bruhl, the widow of Christopher Bruhl, was the owner and holder individually and as guardian of the mortgage upon the premises in suit. She also occupied a portion of the premises and collected the rents for the portions of the premises that were rented. She, therefore, as mortgagee had in her hands funds belonging to the owners of the premises. It was her right and her duty to apply those funds to the payment of the interest due on this mortgage. As she did not turn the rents received by her over to the owners of the premises, the court must hold that the moneys received by her over and above what she paid for taxes and other expenses of carrying this property were applied in payment on account of the interest that accrued on this mortgage. Upon an accounting by her administrators for the rents and profits of this property she should be credited with the amount of the interest which became due on said mortgage, if the amount of the rents received by her were sufficient to pay the same, and should account for any balance there may be. If the receipts for rent were insufficient to pay the interest, then she is entitled to credit for the amount paid on account of interest and the assignment made by her carries as accrued interest the amount unpaid.

The twelfth and thirteenth findings of fact should be reversed and in place thereof this court finds:

Second Department, June, 1919.                [Vol. 188.

*Twelfth.* That said mortgage became due on the 3d day of July, 1891, more than twenty years before the commencement of this action.

*Thirteenth.* That Mary Bruhl, widow of Christopher Bruhl, deceased, in her lifetime received various sums as rent of the premises involved in this action.

*Thirteen a.* At the time of the receipt of the moneys mentioned in the preceding finding said Mary Bruhl was individually and as guardian for Edward and Christopher Bruhl the owner and holder of the aforesaid mortgage.

*Thirteen b.* That said Mary Bruhl, after paying taxes and other expenses of said property, applied the balance of said moneys so received by her to the payment of interest on said mortgage.

The judgment appealed from is affirmed, with costs.

JENKS, P. J., PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Judgment affirmed, with costs. Order to be settled before Mr. Justice JAYCOX.