H. E. MORGAN and Others, Plaintiffs, *v.* RENO SMITH, Defendant.

Supreme Court, Chenango County, September 8, 1927.

Infants — plea of infancy — action on promissory note and to recover price of goods sold and delivered — defense that merely sets up infancy of defendant and that note was not given for necessaries, and that goods sold were not necessaries, is sufficient.

In an action on a promissory note and to recover the value of goods sold and delivered, a plea of infancy on behalf of the defendant is sufficient which sets

up merely that the defendant at the time of the alleged contract was an infant and that the promissory note was not given for necessaries and that the goods sold and delivered were not necessaries. The burden is upon the plaintiff to show additional facts under which the defendant as an infant would be liable.

MOTION by plaintiffs for summary judgment for the relief demanded in the complaint on the ground that there is no defense to the action and that the answer is frivolous and sham.

*Julien Scott,* for the plaintiffs.

*Robert S. Parsons,* for the defendant.

RHODES, J. The complaint alleges two causes of action, the first being upon a promissory note upon which it is alleged there is now due the sum of sixty-six dollars and sixty-seven cents, with interest from the 15th day of September, 1923, no part of which has been paid. The second cause of action is for merchandise alleged to have been sold by plaintiff to defendant at the agreed price and reasonable value of eighteen dollars and twenty-five cents, upon which plaintiff admits there may be a reduction of three dollars and fifty cents, the amount now due, as claimed by plaintiffs, being the sum of fourteen dollars and seventy-five cents, with interest from July 16, 1923.

The material question here relates to the defense of infancy interposed by the answer to each cause of action alleged in the complaint. The answer alleges: "As and for a defense to the said first cause of action set forth in the complaint the defendant alleges that at the time of the making and giving the aforesaid promissory note the said defendant was an infant, under the age of twenty-one years; and that the said note was not given for the so-called necessities of life." The answer further sets up "As and for a defense to the said alleged second cause of action the defendant alleges that on the 16th day of July, 1923, the said defendant was an infant and under the age of twenty-one years; and that the articles mentioned in the said alleged cause of action were not necessities of life for the said defendant." Plaintiffs insist that these allegations raise no issue, asserting that a naked allegation of infancy raises no issue. Plaintiffs maintain that the burden was upon the defendant not only to allege infancy and that the articles were not necessities, but that the defendant must further allege that either he has not disaffirmed the contract or that he has not ratified it after attaining the age of twenty-one years. Upon the proposition that a naked allegation of infancy raises no issue, plaintiffs cite the cases of *Kindgen* v. *Craig* (162 App. Div. 508) and *Fairweather* v. *Burling* (181 N. Y. 117). In the case of *Kindgen* v. *Craig* (*supra*) an infant by guardian *ad litem* interposed

an answer denying none of the allegations of the complaint, but simply submitting the rights of the infant to the court. It was held that such answer was not sufficient to raise the general issue in the action which was brought by a judgment creditor to set aside certain transfers of personal property. In *Fairweather* v. *Burling* (*supra*) the action was brought for partition. It was there held that the answer of an infant which submitted his rights to the court was not sufficient to raise the general issue and gave the infant no right to insist upon a reference against the objection of one of the parties who was an adult, and who demanded a jury trial of the issues raised by the other defendant.

Plaintiffs also cite the case of *Rice* v. *Butler* (160 N. Y. 578) as authority for the proposition that an infant must not only establish infancy but must restore to the other party or make restitution. That case was an action brought by an infant plaintiff to recover moneys paid by her under a contract for the purchase of a bicycle. Plaintiff, after making certain payments, returned the wheel to defendant, asserting that she had been defrauded, and demanded repayment of the amount she had paid on the contract. Defendant retained the wheel but refused to return the moneys received, claiming to retain the same to offset the deterioration in value of the wheel through use, and it was held that plaintiff must account to defendant for the benefit of the contract which she sought to rescind and that the infant having had the use of the bicycle from the time of its purchase and return, must, in an action to recover the amount paid on the contract account for the reasonable use of the bicycle or its deterioration in value. The court quoted the familiar rule that the privilege of infancy is to be used as a shield, and not as a sword; that the infant cannot have the benefit of the contract on one side without returning the equivalent on the other. I do not think the case referred to is controlling upon the question here presented. In *International Text Book Co.* v. *Connelly* (206 N. Y. 188) an action was brought against an infant upon an executory contract whereby the infant had agreed to pay in installments for a scholarship in plaintiff's course of instruction in " Complete Steam Engineering." The infant set up the defense of infancy. The court held that the burden was upon the plaintiff to show that what it agreed to provide for defendant was a necessity. It was claimed by plaintiff in that case that defendant was estopped from pleading infancy because he had represented in the contract that he was twenty-one years of age and that the defendant had ratified the contract after he arrived at the age of twenty-one years by paying an installment which became due before he became of age. The court held that the infant was not estopped by his representa-

tion made in the contract while he was an infant, and that the payment after he became of age of the installments which became due prior thereto, did not amount to a ratification. The court said: " The burden of proving ratification rests on the one claiming under a voidable contract of an infant." And further said in conclusion: "As no fact was found or conclusively proved to avoid the effect of infancy, which was pleaded by the defendant and admitted by the plaintiff, the complaint was properly dismissed  *  *  *."

In *Gray* v. *Sands* (66 App. Div. 572), which was an action against an infant for money loaned and merchandise sold and delivered, the defense was infancy. It was there held that the burden was upon the plaintiff to allege and prove that the items were necessaries.

In *Murphy* v. *Holmes* (87 App. Div. 366) the action was brought against an infant to recover on a promissory note. The defense was infancy. Upon the trial the court held there could be no recovery upon the note but permitted the action to proceed against the infant upon the theory that the complaint set forth a cause of action for necessaries furnished. The court said: " In addition thereto it became incumbent upon the plaintiffs to prove as a part of their affirmative case that the obligation to support and maintain had not been discharged by the person upon whom the duty devolved before the liability of the infant would attach (*Gray* v. *Sands,* 66 App. Div. 572), and it necessarily follows that the plaintiffs could not recover, if they had furnished the board and tuition under contract with a third person. The theory upon which the infant is rendered liable for necessaries is that they have been furnished and were necessary and that the person standing in the relation of parent has not the ability to respond for the amount thereof. Where they have such ability, no liability can attach to the infant."

In the cases last cited the complaint sets forth the fact of infancy and it was held that plaintiff must go further and establish the other elements necessary to render the infant liable. In the case at bar the answer sets up the defense of infancy. This being established, I am of the opinion that it then becomes incumbent upon the plaintiff to show additional facts under which the defendant as an infant would be liable. It seems to me the burden of establishing these additional facts is upon the plaintiff and that the defendant having pleaded that he is an infant and that the articles purchased were not necessities, is not required to allege nor prove his disaffirmance of the contract nor the fact that he has not ratified the same.

I think, therefore, that the defense of infancy as pleaded is sufficient and that the issue thus raised involves the determination

of questions of fact which should be submitted to a jury for determination. This being so, I do not deem it necessary to discuss the other objections to the answer which are raised by plaintiffs. The motion is, therefore, denied with ten dollars costs to abide the event.