Fosteb, P. J.
Appeal by the County of Warren from so much of a foreclosure judgment which decrees in substance that plaintiff has a lien upon an award made in condemnation proceedings and is entitled to a judgment against the county for any deficiency not to exceed the amount of the award with interest. The county also appeals from an order confirming the Referee’s report of sale and granting a deficiency judgment.
*515 The premises in question formerly consisted of two acres of land in the town of Hague, Warren County. A part of these premises, .28 of an acre, was condemned by the County of Warren in 1927 for highway purposes, and over this parcel taken a State highway has since been built. At the time the condemnation proceeding was instituted the whole premises were owned by one Pauline Newton, subject to two mortgages of record held by Ella Y. Brownell. One mortgage for $2,500 was executed on March 30,1908, and recorded on September 8th of the same year. The principal sum was due and payable on October 1,1918. The second mortgage of $1,000 was executed on July 1, 1909, and recorded July 30th of the same year. This mortgage was payable six months from the date thereof.
Ella Y. Brownell, as the owner and holder of these mortgages, was not named as a party in the condemnation proceedings, and she did not appear therein, nor was any release of the premises appropriated executed by her. The county failed also to advertise and post notices in connection with the proceeding and in conformity Avith the Highway Law as it then existed. An award for the property taken in the sum of $2,550 was granted and paid immediately to the record OAvner Pauline NeAvton.
Subsequently, on April 11, 1932, the plaintiff-respondent in this action, acquired by assignment the mortgages mentioned. At the time he acquired them no part of the principal of either mortgage had been paid and interest was due on each from October 1, 1931. On December 20, 1945, he began an action for foreclosure, and served the summons and complaint on the defendant County of Warren on January 6,1946. It was alleged in the complaint that no payment of principal had been made on either of the mortgages, and that no interest had been paid on either one since October 1, 1931. The complaint also alleged that the condemnation proceeding of 1927, was null and void insofar as it purported to affect the lien of the mortgages on the premises condemned.
The court below found there was unpaid the principal sum of each of the mortgages with interest from October 1, 1931; that the only payments made on account of the indebtedness from October 1,1931, was rental for the property in question received by the mortgagee from 1937 through 1942 at the rate of $150 annually; that the condemnation proceeding was defective and the mortgages thereupon became a lien upon the award; that the Statute of Limitations AAras not applicable, and that there was due and owing to the plaintiff the sum of $7,479.73 with interest from June 5, 1946. It further held and directed the entry of a *516 judgment providing that the plaintiff have a lien upon the award made in the condemnation proceeding, and that he was entitled to a judgment for any deficiency against the County of Warren not in excess of the amount of the award in the condemnation proceeding, to wit, the sum of $2,550 with interest thereon at 6% from June 25, 1927 to July 1, 1939, and with interest thereon at 4% from July 1, 1939. The lands in question sold for $4,800 and the Referee reported a deficiency of $4,243.32. The order confirming the Referee’s report of sale directed that the plaintiff have judgment against the county for the amount of the deficiency, which was less than the award in the condemnation proceeding with interest added.
Both parties agree, and indeed it is axiomatic, that the award of damages in the condemnation proceeding took the place of the land taken, and to that award the liens of the mortgages immediately attached (Matter of City of New York [Houghton Ave.], 266 N. Y. 26). Thereupon the holder of the mortgages had the right to proceed against the award, and such right of course continued until it was barred by the Statute of Limitations. The chief defense asserted by the appellant county is that plaintiff’s cause of action was barred by the.six-year Statute of Limitations in effect at the time the action was commenced (Civ. Prac. Act, § 47-a). Effective as of September 1, 1938, the statute cited placed a limitation upon actions on bonds and mortgages of six years after the cause of action accrued. Counsel for the plaintiff-respondent argues that the six-year Statute of Limitations does not apply, and that the claim would not be barred until the lapse of twenty years from the date of the award. With that contention we do not agree. Under the pleadings and the undisputed facts the only claim the plaintiff-respondent can have is based upon the mortgages, and it is the Statute of Limitations with relation to mortgages that must apply, and no other.
It was alleged in the complaint and found by the court below in its memorandum decision that the principal sum of each mortgage with interest thereon from October 1, 1931 was unpaid. But then the trial court went on to say that the only payments on account of the indebtedness from October 1, 1931, to the date of the foreclosure action was rental for the property in question received by the mortgagee from 1937 through 1942 at the rate of $150 annually. It appears that on May 3, 1937, Pauline Newton, then the owner of that part of the mortgaged premises not taken in the condemnation proceeding, made an assignment of rents to the plaintiff-respondent for the purpose of paying insurance, repairs and taxes on the premises and interest on the mort *517 gages. Under the agreement he was authorized to lease the premises and he proceeded to do so, collecting rent for the next six years in the amount of $150 annually. It is the appellant’s claim that none of this rental went to pay any interest on the mortgages, and that all of it was swallowed up in the payment of insurance, repairs and taxes. The allegation in the complaint that no interest was paid since 1931 and the finding of the trial court to the same effect apparently establishes this claim as a fact on the present record. Any payment of interest within the proper time, however small, would toll the statute, but payments for insurance, taxes and repairs would not do so, since they were neither payments of principal nor interest. The finding that no principal or interest was paid since 1931, is inconsistent with the further finding that the only payments made on account of the indebtedness were the annual rentals of $150. If any payments of interest were made so as to toll the statute the amounts and dates of such payments should be found. Respondent insists that there was each year an excess of rental money over expenses which must be credited to interest on the mortgages as a matter of law (Carlin v. Bruhl, 188 App. Div. 216). Doubtless a mortgagee in possession of and collecting rents from mortgaged property must apply any surplus over expenses to interest due on the mortgage, but admitting the principle then it follows, if respondent is correct, the finding that no interest was paid since 1931 was erroneous. To reverse the judgment for the absence of information so trivial seems unfortunate, but on the other hand to affirm would be to approve a judgment erroneous on its face.
Appellant’s argument that payments authorized by the owner, who had no personal obligation to pay, did not toll the statute as to the County of Warren is unsound, we believe. The basis of this argument is that where lands secured by a mortgage are owned by different parties a payment by one owner will not toll the statute as to the other owner unless made with the authority of the latter (Murdock v. Waterman, 145 N. Y. 55). The facts here are not such as to make this doctrine applicable. Appellant has no interest in the premises covered by the mortgages. Title to the premises condemned was severed from the main parcel and the award made stood as a substitute for the property appropriated. Appellant had no title to any part of the award and therefore is not in the position of an owner.
The judgment and order should be reversed and the matter remitted to the court below in order that further proof may be *518 taken as to payments of interest made, if any, and if the respondent is so advised, with costs to abide the event.
Heffernan, Brewster, Deyo and Santry, JJ., concur.
Judgment and order reversed on the law and the matter remitted to the court below to take further proof as to payments of interest made, if any, if the respondent is so advised, with costs to abide the event. [See post, p. 1009.]