### HAMM v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Third Department. March 9, 1910.)

1. INFANTS (§ 46*)—POWER TO CONTRACT—INSURANCE—STATUTES—CONSTRUCTION—COMMON-LAW RULE.

Insurance Law (Laws 1892, c. 690) § 55, as amended by Laws 1902, c. 437, providing that a minor of the age of 15 years or upwards, who takes out a policy on his own life for his own benefit, shall not by reason of minority be deemed incompetent to contract for insurance, is not declaratory of the common-law rule that the infant had the right to make the contract, which was not void, but only voidable at his election, since no insurance company would insure an infant with the right to at any time cancel the policy and recover back the premiums paid.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 98, 99; Dec. Dig. § 46.*]

2. INFANTS (§ 46*)—POWER TO CONTRACT—INSURANCE—STATUTES—CONSTRUCTION.

The failure of the Legislature to specify by Insurance Law (Laws 1892, c. 690) § 55, as amended by Laws 1902, c. 437, what insurance could be taken by an infant, permits him to take any of those forms that are commonly used, and to make a valid contract in reference thereto.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 98, 99; Dec. Dig. § 46.*]

Appeal from Columbia County Court.

Action by George R. Hamm, an infant, by George H. Hamm, his guardian ad litem, against the Prudential Insurance Company of America. From a judgment of the County Court, reversing a judgment for plaintiff in the City Court of Hudson, he appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

D. V. McNamee, for appellant.

Amasa J. Parker, Jr., for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SMITH, P. J.   The action is brought to recover back certain premiums paid by the plaintiff upon a life insurance policy issued by the defendant.   At the time the policy was taken the plaintiff was about 17 years of age.   After having paid certain sums thereupon, while still an infant, he assumed to rescind the contract by reason of his minority, and asks to recover back the moneys paid as premiums. The defense is that this was a binding contract under section 55 of the insurance law (Laws 1892, c. 690), as amended by chapter 437 of the Laws of 1902.   The provision referred to is as follows:

"In respect of insurance heretofore or hereafter, by any person not of full age but of the age of fifteen years or upwards, effected upon the life of such minor, for the benefit of such minor, * * * the assured shall not, by reason only of such minority, be deemed incompetent to contract for such insurance or for the surrender of such insurance or to give a valid discharge for any benefit accruing, or for money payable under the contract."

The plaintiff's contention is that at common law the infant had the right to make the contract, which was not void, but only voidable at his election, and that this statute is simply a declaration of the common-law rule.   It is difficult, however, to see for what purpose the statute was passed, if that be its interpretation.   No insurance company would insure an infant, with the right of the infant at any time to cancel the policy and to recover back the premiums paid.   There are many reasons why it may be well for the infant, and those dependent upon the infant, that it should be possible to effect insurance upon his life.   It may reasonably be supposed that the Legislature had in mind the desirability of an infant's having the power to make a valid contract, one that should be binding upon him as to the obligations imposed in order to secure to him the benefits which it could give.

A further question is raised—that this policy is not merely a policy of insurance, but is what is called an endowment policy, or one under the terms of which a certain sum was to be repaid to the assured at a period of 20 years, and that the policy was, in the nature of an investment, as well as in the nature of an insurance policy.   But these different forms of policies were commonly known at the time of the passage of this act, and were presumably within the knowledge of the Legislature.   The right to make investments in connection with insurance is a more important right to a boy than it is to an older man. With the presumed knowledge of the different forms of insurance commonly in use, the failure of the Legislature to specify what insurance might lawfully be taken by an infant would seem to indicate that the infant was permitted under the statute to take any of those forms that are commonly used and make a valid contract in reference thereto.

We are of opinion, therefore, that the county judge was right, and that the judgment must be affirmed, with costs.

Judgment affirmed, with costs.   All concur.