## EQUITABLE TRUST CO. OF NEW YORK v. MOSS.

(Supreme Court, Appellate Division, First Department. March 15, 1912.)

1. INFANTS (§ 47*)—MINOR'S CONTRACT—VALIDITY.

Under Insurance Law (Laws 1892, c. 690) § 55, as amended by Laws 1902, c. 437, providing that an assured shall not, by reason of minority, be deemed incompetent to contract for insurance on his life for the benefit of certain near relatives, a contract between a minor and an insurance company for insurance in favor of his mother, and the minor's obligation thereunder to pay the first premium, was enforceable.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 99, 101–108, 110; Dec. Dig. § 47.*]

2. INFANTS (§ 51*)—CONTRACT FOR NECESSARIES.

One who has paid money at the request of an infant to satisfy a debt contracted by the latter for necessaries may recover from the infant the money paid.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 111; Dec. Dig. § 51.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. INFANTS (§ 47*)—CONTRACTS—ACTIONS TO ENFORCE.

   Where a minor signed and delivered to an insurance agent, a paper, wherein he acknowledged receipt of policy upon his life, and authorized and requested the agent to pay the first premium and agreed to reimburse him, there could be no recovery in an action based strictly upon the contract, and not brought for money paid on the premium at the minor's request.

   [Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 99, 101–108, 110; Dec. Dig. § 47.*]

Appeal from Appellate Term.

Action by the Equitable Trust Company of New York against Samuel H. Moss. From a judgment for defendant, plaintiff appeals. Affirmed.

See, also, 146 App. Div. 955, 131 N. Y. Supp. 1113; 133 N. Y. Supp. 1130.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Herbert G. McLear, for appellant.

Gustav Goodmann, for respondent.

MILLER, J.   The defendant, who was 19 years of age at the time, applied to the Equitable Life Insurance Society for a policy of insurance on his life for the benefit of his mother, and, in consideration of the policy received by him, signed and delivered to Archibald C. Haynes, the general agent of the insurance society, the following paper:

"Mr. Archibald C. Haynes, No. 25 Broad Street, N. Y.

"Dear Sir: I hereby acknowledge having received from Mr. Robert D. Sullivan policy No. 2,043,089, being for $2500.00 on my life in The Equitable Life Assurance Society. You are authorized and requested to pay the amount of the first premium for me upon said policy in order to place the same in force from this date, and I promise to pay to you or to your order the amount so advanced, to wit., $35.43, as follows: On August 26, 1905.

"And I hereby acknowledge and declare that this premium, with interest in advance on all deferred payments, has been settled in full, in conformity with, and in no way contrary to, the laws of the State of New York, and that there is no written or verbal agreement of any kind to release me from the above obligation or any part thereof.

"Very truly yours,                                    Samuel H. Moss."

This action is brought by the plaintiff as assignee of Haynes, and the defense is infancy.

[1] Section 55 of the Insurance Law, in force when the instrument in suit was made (chapter 690 of the Laws of 1892, as amended by chapter 437 of the Laws of 1902), provided as follows:

"In respect of insurance heretofore or hereafter, by any person not of the full age of twenty-one years but of the age of fifteen years or upwards, effected upon the life of such minor, for the benefit of such minor or for the benefit of the father, mother, husband, wife, brother or sister of such minor, the assured shall not, by reason only of such minority, be deemed incompetent to contract for such insurance or for the surrender of such insurance or to give a valid discharge for any benefit accruing, or for money payable under the contract."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This court in the Third Department has held that a contract, within section 55 of the Insurance Law, is binding, and that the minor cannot rescind and recover back premiums paid. Hamm v. Prudential Insurance Co., 137 App. Div. 504, 122 N. Y. Supp. 504.

The statute in express terms provides that the assured shall not by reason of minority "be deemed incompetent to contract for such insurance." His contract, therefore, with the insurance company was enforceable, and he thereby incurred the obligation to pay the premium. I am unable to perceive how there can be any distinction between such a contract and one for necessaries. By the rules of the common law, an infant was not under a disability to contract for necessaries. Now, by the express rule of the statute, he is not under a disability to contract for insurance for the benefit of himself or certain classes of beneficiaries.

[2] One who has paid money at the request of an infant to satisfy a debt contracted by the latter for necessaries may recover from the infant the money paid. Swift v. Bennett, 10 Cush. (Mass.) 436; Randall v. Sweet, 1 Denio, 460. It can make no difference to the defendant who his creditor is. Indeed, it might be to his advantage to find some one who would discharge his obligation, and trust him for the sum advanced.

[3] I entertain no doubt that, if Haynes had paid the premium at the defendant's request, he or his assignee could maintain an action to recover the sum thus paid. But the difficulty is that a recovery in this case was not sought on that theory. Instead, the suit is strictly on the contract made with Haynes individually to pay him a sum stated in consideration of his implied promise to pay that sum to the insurance company. The plaintiff neither alleged nor attempted to prove the payment of the premium by Haynes, but both in pleading and proof sought to recover strictly upon the contract with him, whereas it was not a binding contract, but at the best was only evidence in support of an action to recover money paid at the request of the defendant to discharge a valid obligation incurred by him.

The determination should be affirmed, with costs. All concur.